UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND


CYNTHIA A. ROBERGE

     vs.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

C.A. NO. 1:21-CV-00193


**EXHIBITS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Exhibit A:    Pertinent Portions of Travelers' Commercial Automobile Policy number CAP-177D8592

     1:    IL T0 02 11 89: Common Policy Declarations

     2:    CA T0 01 02 15: Business Auto Coverage Part Declarations

     3:    CA 00 01 10 13: Business Auto Coverage Form

     4:    CA T0 30 02 16: Business Auto/Auto Dealers/Motor Carrier Coverage Part Supplementary Schedule

     5:    CA 21 43 06 15: Rhode Island Uninsured Motorists Coverage Bodily Injury

     6:    CA T3 53 02 15: Business Auto Extension Endorsement

Exhibit B:    UI RI 10 08 13: Supplementary Commercial Automobile Application Rhode Island[1]

Exhibit C:    Plaintiff's Complaint

Exhibit D:    Police Report

Exhibit E:    DCF Incident Report

---

[1] Authenticated by *Exhibit I* and attached thereto as *Exhibit 1F*.

Exhibit F:     Plaintiff's Answers to Interrogatories

Exhibit G:     USAA Policy Declarations

Exhibit H:     Denial Notices[2]

Exhibit I:      Deposition of Katelyn Bennett

Exhibit J:      Affidavit

---

[2] Authenticated by *Exhibit I* and attached thereto as *Exhibits 1D* and *1E*.

# EXHIBIT A1

# CERTIFIED POLICY

This certification is affixed to a policy which is a true and accurate copy of the document in the company's business records as of the date shown below.

**No additional insurance is afforded by this copy.**

Travelers Property Casualty Company of America

**Name of Insuring Company(ies)**

CAP-177D8592                    2/1/18 to 2/1/19                    12/17/19

**Policy Number(s)**            **Policy Period(s)**                **Date**

Kenneth Kupec, Second Vice President
BI Document Management



One Tower Square, Hartford, Connecticut  06183

```
                                    TRAVELERS CORP. TEL: 1-800-328-2189

                                    COMMON POLICY DECLARATIONS
                                    ISSUE DATE: 02/16/18
                                    POLICY NUMBER: TC2J-CAP-177D8592-TIL-18
INSURING COMPANY:
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

1. NAMED INSURED AND MAILING ADDRESS:
   STATE OF RHODE ISLAND
   AS PER IL T8 00 & IL T3 40
   ONE CAPITOL HILL
   PROVIDENCE, RI 02908-5850


2. POLICY PERIOD:  From 02/01/18 to 02/01/19 12:01 A.M. Standard Time at
                                            your mailing address.
3. LOCATIONS
    Premises  Bldg.
    Loc. No.  No.  Occupancy           Address




4. COVERAGE PARTS FORMING PART OF THIS POLICY AND INSURING COMPANIES:
   COMMERCIAL AUTOMOBILE COV PART DECLARATIONS        CA T0 01 02 15 TIL




5. NUMBERS OF FORMS AND ENDORSEMENTS
   FORMING A PART OF THIS POLICY:   SEE IL T8 01 10 93


6. SUPPLEMENTAL POLICIES: Each of the following is a separate policy
                            containing its complete provisions:
   Policy                        Policy No.              Insuring Company


                                    SEE CALCULATION OF PREMIUM
    *AMS BINDER BILLED # 245063     COMPOSITE RATES ENDORSEMENT
7. PREMIUM SUMMARY:
   Provisional Premium    $
   Due at Inception       $
   Due at Each            $
```

NAME AND ADDRESS OF AGENT OR BROKER:          **COUNTERSIGNED BY:**
```
   RHODE ISLAND ASSOCIATION (NA813)
   2400 POST ROAD                             _____
   WARWICK, RI 02886
```
Authorized Representative

DATE:_____

```
IL T0 02 11 89(REV. 09-07)     PAGE 1 OF 1
OFFICE: HARTFORD
```

# EXHIBIT A2

## CERTIFIED POLICY

This certification is affixed to a policy which is a true and accurate copy of the document in the company's business records as of the date shown below.

**No additional insurance is afforded by this copy.**

Travelers Property Casualty Company of America
_____

**Name of Insuring Company(ies)**

| CAP-177D8592 | 2/1/18 to 2/1/19 | 12/17/19 |
|---|---|---|
| **Policy Number(s)** | **Policy Period(s)** | **Date** |

*K. Kupec*

Kenneth Kupec, Second Vice President
BI Document Management

 

One Tower Square, Hartford, Connecticut  06183

```
                                    BUSINESS AUTO
                                    COVERAGE PART DECLARATIONS
                                    Issue Date:  02-16-18  LP
```

ITEM ONE:              Policy Number:  TC2J-CAP-177D8592-TIL-18

INSURING COMPANY:
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

Declarations Period:  From:  02-01-18 to 02-01-19 12:01 A.M. Standard
Time at your mailing address shown in the Common Policy Declarations.

The Commercial Automobile Coverage Part consists of these
Declarations and the Business Auto Coverage Form shown below.

FORM OF BUSINESS: CORPORATION

ITEM TWO:
 A. COVERAGE AND LIMITS OF INSURANCE:

    Coverage applies only to those Autos shown as Covered Autos by entry
    of one or more Symbols from SECTION 1 - Covered Auto of the
    BUSINESS AUTO COVERAGE FORM

| COVERAGE | COVERED AUTO SYMBOL | LIMITS OF INSURANCE |
|----------|---------------------|---------------------|
| | | The most we will pay for any one accident or loss. |
| LIABILITY | 1 | $  1,000,000 |
| UNINSURED AND UNDERINSURED MOTORISTS COVERAGE | 2 | SEE CA T0 30 |

 B. AUDIT PERIOD:  ANNUAL

 C. DESCRIPTION OF COVERED AUTO DESIGNATION SYMBOLS:
    Symbols 1-9, 19:  SEE BUSINESS AUTO COVERAGE FORM Section 1
    Covered Autos

 D. LOSS PAYEE: Any loss under Physical Damage Coverages is payable as
    interest may appear to you and the Loss Payee named in the Declarations
    (see Loss Payable Clause on reverse side)

```
CA T0 01 02 15                        PAGE  (CONTINUED)
PRODUCER RHODE ISLAND ASSOCIATION  NA813    OFFICE HTFD  084
```



One Tower Square, Hartford, Connecticut  06183

```
                                    BUSINESS AUTO
                                    COVERAGE PART DECLARATIONS
                                    Issue Date:  02-16-18   LP

                    Policy Number:  TC2J-CAP-177D8592-TIL-18
```

LOSS PAYABLE CLAUSE

A. We will pay you and the loss payee named in the policy for "loss" to a covered "auto", as interest may appear.

B. The insurance covers the interest of the loss payee unless the "loss" results from conversion, secretion or embezzlement on your part.

C. We may cancel the policy as allowed by the CANCELLATION Common Policy Condition.  Cancellation ends this agreement as to the loss payee's interest.  If we cancel the policy we will mail you and the loss payee the same advance notice.

D. If we make any payment to the loss payee, we will obtain their rights against any other party.

SCHEDULE OF LOSS PAYEES

VEHICLE NUMBER                        LOSS PAYEE (Name and Address)

```
CA T0 01 02 15                        PAGE  (CONTINUED)
PRODUCER RHODE ISLAND ASSOCIATION  NA813    OFFICE HTFD  084
```

# EXHIBIT A3

**CERTIFIED POLICY**

This certification is affixed to a policy which is a true and accurate copy of the document in the company's business records as of the date shown below.

**No additional insurance is afforded by this copy.**

Travelers Property Casualty Company of America

**Name of Insuring Company(ies)**

CAP-177D8592                     2/1/18 to 2/1/19                     12/17/19

**Policy Number(s)**            **Policy Period(s)**            **Date**

Kenneth Kupec, Second Vice President
BI Document Management

COMMERCIAL AUTO

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# BUSINESS AUTO COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V – Definitions.**

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 1 | Any "Auto" | |
| 2 | Owned "Autos" Only | Only those "autos" you own (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 3 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 4 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 5 | Owned "Autos" Subject To No-fault | Only those "autos" you own that are required to have no-fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have no-fault benefits in the state where they are licensed or principally garaged. |
| 6 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
| 8 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 9 | Non-owned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households but only while used in your business or your personal affairs. |

**CA 00 01 10 13**                    © Insurance Services Office, Inc., 2011                    Page 1 of 12

COMMERCIAL AUTO

| 19 | Mobile Equipment Subject To Compulsory Or Financial Responsibility Or Other Motor Vehicle Insurance Law Only | Only those "autos" that are land vehicles and that would qualify under the definition of "mobile equipment" under this policy if they were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where they are licensed or principally garaged. |
|---|---|---|

## B. Owned Autos You Acquire After The Policy Begins

1. If Symbols **1, 2, 3, 4, 5, 6** or **19** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol **7** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

## C. Certain Trailers, Mobile Equipment And Temporary Substitute Autos

If Covered Autos Liability Coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Covered Autos Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. "Mobile equipment" while being carried or towed by a covered "auto".

3. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

   a. Breakdown;

   b. Repair;

   c. Servicing;

   d. "Loss"; or

   e. Destruction.

## SECTION II – COVERED AUTOS LIABILITY COVERAGE

### A. Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

1. **Who Is An Insured**

   The following are "insureds":

   a. You for any covered "auto".

   b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

      (1) The owner or anyone else from whom you hire or borrow a covered "auto".

      This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

**(2)** Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

**(3)** Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

**(4)** Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

**(5)** A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

**c.** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

**2. Coverage Extensions**

**a. Supplementary Payments**

We will pay for the "insured":

**(1)** All expenses we incur.

**(2)** Up to $2,000 for cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

**(3)** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

**(4)** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

**(5)** All court costs taxed against the "insured" in any "suit" against the "insured" we defend. However, these payments do not include attorneys' fees or attorneys' expenses taxed against the "insured".

**(6)** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend, but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

**b. Out-of-state Coverage Extensions**

While a covered "auto" is away from the state where it is licensed, we will:

**(1)** Increase the Limit of Insurance for Covered Autos Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

**(2)** Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

**B. Exclusions**

This insurance does not apply to any of the following:

**1. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

**2. Contractual**

Liability assumed under any contract or agreement.

But this exclusion does not apply to liability for damages:

**a.** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

**b.** That the "insured" would have in the absence of the contract or agreement.

**3. Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits

COMMERCIAL AUTO

or unemployment compensation law or any similar law.

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

**a.** An "employee" of the "insured" arising out of and in the course of:

**(1)** Employment by the "insured"; or

**(2)** Performing the duties related to the conduct of the "insured's" business; or

**b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

This exclusion applies:

**(1)** Whether the "insured" may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

**5. Fellow Employee**

"Bodily injury" to:

**a.** Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business; or

**b.** The spouse, child, parent, brother or sister of that fellow "employee" as a consequence of Paragraph **a.** above.

**6. Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving property owned or transported by the "insured" or in the "insured's" care, custody or control. But this exclusion does not apply to liability assumed under a sidetrack agreement.

**7. Handling Of Property**

"Bodily injury" or "property damage" resulting from the handling of property:

**a.** Before it is moved from the place where it is accepted by the "insured" for movement into or onto the covered "auto"; or

**b.** After it is moved from the covered "auto" to the place where it is finally delivered by the "insured".

**8. Movement Of Property By Mechanical Device**

"Bodily injury" or "property damage" resulting from the movement of property by a mechanical device (other than a hand truck) unless the device is attached to the covered "auto".

**9. Operations**

"Bodily injury" or "property damage" arising out of the operation of:

**a.** Any equipment listed in Paragraphs **6.b.** and **6.c.** of the definition of "mobile equipment"; or

**b.** Machinery or equipment that is on, attached to or part of a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

**10. Completed Operations**

"Bodily injury" or "property damage" arising out of your work after that work has been completed or abandoned.

In this exclusion, your work means:

**a.** Work or operations performed by you or on your behalf; and

**b.** Materials, parts or equipment furnished in connection with such work or operations.

Your work includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in Paragraph **a.** or **b.** above.

Your work will be deemed completed at the earliest of the following times:

**(1)** When all of the work called for in your contract has been completed;

**(2)** When all of the work to be done at the site has been completed if your

© Insurance Services Office, Inc., 2011    **CA 00 01 10 13**

COMMERCIAL AUTO

contract calls for work at more than one site; or

**(3)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or sub-contractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**11. Pollution**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled or handled for movement into, onto or from the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured"; or

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts if:

**(1)** The "pollutants" escape, seep, migrate or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants"; and

**(2)** The "bodily injury", "property damage" or "covered pollution cost or expense" does not arise out of the operation of any equipment listed in Paragraphs **6.b.** and **6.c.** of the definition of "mobile equipment".

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

**(a)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

**(b)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**12. War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

**a.** War, including undeclared or civil war;

**b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**c.** Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

**13. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**C. Limit Of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined resulting from any one "accident" is the Limit Of Insurance for Covered Autos Liability Coverage shown in the Declarations.

COMMERCIAL AUTO

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

## SECTION III – PHYSICAL DAMAGE COVERAGE

### A. Coverage

1. We will pay for "loss" to a covered "auto" or its equipment under:

   **a. Comprehensive Coverage**

   From any cause except:

   **(1)** The covered "auto's" collision with another object; or

   **(2)** The covered "auto's" overturn.

   **b. Specified Causes Of Loss Coverage**

   Caused by:

   **(1)** Fire, lightning or explosion;

   **(2)** Theft;

   **(3)** Windstorm, hail or earthquake;

   **(4)** Flood;

   **(5)** Mischief or vandalism; or

   **(6)** The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

   **c. Collision Coverage**

   Caused by:

   **(1)** The covered "auto's" collision with another object; or

   **(2)** The covered "auto's" overturn.

2. **Towing**

   We will pay up to the limit shown in the Declarations for towing and labor costs incurred each time a covered "auto" of the private passenger type is disabled. However, the labor must be performed at the place of disablement.

3. **Glass Breakage – Hitting A Bird Or Animal – Falling Objects Or Missiles**

   If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

   **a.** Glass breakage;

   **b.** "Loss" caused by hitting a bird or animal; and

   **c.** "Loss" caused by falling objects or missiles.

   However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

4. **Coverage Extensions**

   **a. Transportation Expenses**

   We will pay up to $20 per day, to a maximum of $600, for temporary transportation expense incurred by you because of the total theft of a covered "auto" of the private passenger type. We will pay only for those covered "autos" for which you carry either Comprehensive or Specified Causes Of Loss Coverage. We will pay for temporary transportation expenses incurred during the period beginning 48 hours after the theft and ending, regardless of the policy's expiration, when the covered "auto" is returned to use or we pay for its "loss".

   **b. Loss Of Use Expenses**

   For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

   **(1)** Other than collision only if the Declarations indicates that Comprehensive Coverage is provided for any covered "auto";

   **(2)** Specified Causes Of Loss only if the Declarations indicates that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

   **(3)** Collision only if the Declarations indicates that Collision Coverage is provided for any covered "auto".

   However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

### B. Exclusions

1. We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or

COMMERCIAL AUTO

event that contributes concurrently or in any sequence to the "loss".

**a. Nuclear Hazard**

**(1)** The explosion of any weapon employing atomic fission or fusion; or

**(2)** Nuclear reaction or radiation, or radioactive contamination, however caused.

**b. War Or Military Action**

**(1)** War, including undeclared or civil war;

**(2)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**(3)** Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

**2.** We will not pay for "loss" to any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such a contest or activity.

**3.** We will not pay for "loss" due and confined to:

**a.** Wear and tear, freezing, mechanical or electrical breakdown.

**b.** Blowouts, punctures or other road damage to tires.

This exclusion does not apply to such "loss" resulting from the total theft of a covered "auto".

**4.** We will not pay for "loss" to any of the following:

**a.** Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

**b.** Any device designed or used to detect speed-measuring equipment, such as radar or laser detectors, and any jamming apparatus intended to elude or disrupt speed-measuring equipment.

**c.** Any electronic equipment, without regard to whether this equipment is permanently installed, that reproduces, receives or transmits audio, visual or data signals.

**d.** Any accessories used with the electronic equipment described in Paragraph **c.** above.

**5.** Exclusions **4.c.** and **4.d.** do not apply to equipment designed to be operated solely by use of the power from the "auto's" electrical system that, at the time of "loss", is:

**a.** Permanently installed in or upon the covered "auto";

**b.** Removable from a housing unit which is permanently installed in or upon the covered "auto";

**c.** An integral part of the same unit housing any electronic equipment described in Paragraphs **a.** and **b.** above; or

**d.** Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system.

**6.** We will not pay for "loss" to a covered "auto" due to "diminution in value".

**C. Limits Of Insurance**

**1.** The most we will pay for:

**a.** "Loss" to any one covered "auto" is the lesser of:

**(1)** The actual cash value of the damaged or stolen property as of the time of the "loss"; or

**(2)** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

**b.** All electronic equipment that reproduces, receives or transmits audio, visual or data signals in any one "loss" is $1,000, if, at the time of "loss", such electronic equipment is:

**(1)** Permanently installed in or upon the covered "auto" in a housing, opening or other location that is not normally used by the "auto" manufacturer for the installation of such equipment;

**(2)** Removable from a permanently installed housing unit as described in Paragraph **b.(1)** above; or

**(3)** An integral part of such equipment as described in Paragraphs **b.(1)** and **b.(2)** above.

© Insurance Services Office, Inc., 2011

COMMERCIAL AUTO

**2.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

**3.** If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

**D. Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations. Any Comprehensive Coverage deductible shown in the Declarations does not apply to "loss" caused by fire or lightning.

## SECTION IV – BUSINESS AUTO CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

**A. Loss Conditions**

**1. Appraisal For Physical Damage Loss**

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

**(1)** How, when and where the "accident" or "loss" occurred;

**(2)** The "insured's" name and address; and

**(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

**b.** Additionally, you and any other involved "insured" must:

**(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

**(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

**(4)** Authorize us to obtain medical records or other pertinent information.

**(5)** Submit to examination, at our expense, by physicians of our choice, as often as we reasonably require.

**c.** If there is "loss" to a covered "auto" or its equipment, you must also do the following:

**(1)** Promptly notify the police if the covered "auto" or any of its equipment is stolen.

**(2)** Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

**(3)** Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

**(4)** Agree to examinations under oath at our request and give us a signed statement of your answers.

**3. Legal Action Against Us**

No one may bring a legal action against us under this Coverage Form until:

**a.** There has been full compliance with all the terms of this Coverage Form; and

**b.** Under Covered Autos Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

© Insurance Services Office, Inc., 2011

**CA 00 01 10 13**

COMMERCIAL AUTO

**4. Loss Payment – Physical Damage Coverages**

At our option, we may:

**a.** Pay for, repair or replace damaged or stolen property;

**b.** Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

**c.** Take all or any part of the damaged or stolen property at an agreed or appraised value.

If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

**5. Transfer Of Rights Of Recovery Against Others To Us**

If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

**B. General Conditions**

**1. Bankruptcy**

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

**2. Concealment, Misrepresentation Or Fraud**

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceals or misrepresents a material fact concerning:

**a.** This Coverage Form;

**b.** The covered "auto";

**c.** Your interest in the covered "auto"; or

**d.** A claim under this Coverage Form.

**3. Liberalization**

If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

**4. No Benefit To Bailee – Physical Damage Coverages**

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

**5. Other Insurance**

**a.** For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Covered Autos Liability Coverage this Coverage Form provides for the "trailer" is:

**(1)** Excess while it is connected to a motor vehicle you do not own; or

**(2)** Primary while it is connected to a covered "auto" you own.

**b.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

**c.** Regardless of the provisions of Paragraph **a.** above, this Coverage Form's Covered Autos Liability Coverage is primary for any liability assumed under an "insured contract".

**d.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

**6. Premium Audit**

**a.** The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

COMMERCIAL AUTO

**b.** If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

**7. Policy Period, Coverage Territory**

Under this Coverage Form, we cover "accidents" and "losses" occurring:

**a.** During the policy period shown in the Declarations; and

**b.** Within the coverage territory.

The coverage territory is:

**(1)** The United States of America;

**(2)** The territories and possessions of the United States of America;

**(3)** Puerto Rico;

**(4)** Canada; and

**(5)** Anywhere in the world if a covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less,

provided that the "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico or Canada, or in a settlement we agree to.

We also cover "loss" to, or "accidents" involving, a covered "auto" while being transported between any of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us applies to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

**SECTION V – DEFINITIONS**

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means:

**1.** A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

**2.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

**1.** Any request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

**2.** Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled or handled for movement into, onto or from the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured"; or

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

© Insurance Services Office, Inc., 2011

CA 00 01 10 13

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if:

    **(1)** The "pollutants" escape, seep, migrate or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants"; and

    **(2)** The "bodily injury", "property damage" or "covered pollution cost or expense" does not arise out of the operation of any equipment listed in Paragraph **6.b.** or **6.c.** of the definition of "mobile equipment".

Paragraphs **b.** and **c.** above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

    **(a)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

    **(b)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**F.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**G.** "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**H.** "Insured contract" means:

    **1.** A lease of premises;

    **2.** A sidetrack agreement;

    **3.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

    **4.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

    **5.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement; or

    **6.** That part of any contract or agreement entered into, as part of your business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay for "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

    **a.** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing;

    **b.** That pertains to the loan, lease or rental of an "auto" to you or any of your "employees", if the "auto" is loaned, leased or rented with a driver; or

    **c.** That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

**I.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**J.** "Loss" means direct and accidental loss or damage.

**K.** "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

COMMERCIAL AUTO

**1.** Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

**2.** Vehicles maintained for use solely on or next to premises you own or rent;

**3.** Vehicles that travel on crawler treads;

**4.** Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

   **a.** Power cranes, shovels, loaders, diggers or drills; or

   **b.** Road construction or resurfacing equipment such as graders, scrapers or rollers;

**5.** Vehicles not described in Paragraph **1.**, **2.**, **3.** or **4.** above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

   **a.** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well-servicing equipment; or

   **b.** Cherry pickers and similar devices used to raise or lower workers; or

**6.** Vehicles not described in Paragraph **1.**, **2.**, **3.** or **4.** above maintained primarily for purposes other than the transportation of persons or cargo. However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

   **a.** Equipment designed primarily for:

      **(1)** Snow removal;

      **(2)** Road maintenance, but not construction or resurfacing; or

      **(3)** Street cleaning;

   **b.** Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

   **c.** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting or well-servicing equipment.

However, "mobile equipment" does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos".

**L.** "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

**M.** "Property damage" means damage to or loss of use of tangible property.

**N.** "Suit" means a civil proceeding in which:

   **1.** Damages because of "bodily injury" or "property damage"; or

   **2.** A "covered pollution cost or expense";

   to which this insurance applies, are alleged.

   "Suit" includes:

   **a.** An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

   **b.** Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

**O.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**P.** "Trailer" includes semitrailer.

© Insurance Services Office, Inc., 2011

**CA 00 01 10 13**

EXHIBIT A4

# CERTIFIED POLICY

This certification is affixed to a policy which is a true and accurate copy of the document in the company's business records as of the date shown below.

**No additional insurance is afforded by this copy.**

Travelers Property Casualty Company of America
_____
**Name of Insuring Company(ies)**


CAP-177D8592                2/1/18 to 2/1/19              12/17/19
_____        _____        _____
**Policy Number(s)**          **Policy Period(s)**              **Date**


Kenneth Kupec, Second Vice President
BI Document Management

 

**TRAVELERS**

One Tower Square, Hartford, Connecticut  06183

**BUSINESS AUTO/AUTO DEALERS/**
**MOTOR CARRIER COVERAGE PART**
**SUPPLEMENTARY SCHEDULE**

**POLICY NUMBER:** TC2J-CAP-177D8592-TIL-18
**ISSUE DATE:** 02-16-18

**ITEM TWO**
**COVERAGE AND LIMITS OF INSURANCE**
**UNINSURED MOTORISTS COVERAGE AND UNDERINSURED MOTORISTS COVERAGE**

The LIMIT OF INSURANCE for the coverages shown below is the LIMIT OF INSURANCE shown for the State where a covered "auto" is principally garaged. Refer to the specific coverage endorsement for description of the coverage provided for each State listed below.

**Coverage**
UNINSURED MOTORISTS                    LIMIT OF INSURANCE

| State | "Bodily Injury" and "Property Damage" Each "Accident" | "Bodily Injury" Each "Accident" | "Bodily Injury" Each Person | "Bodily Injury" Each "Accident" | "Property Damage" Each "Accident" |
|-------|---|---|---|---|---|
| RI    | See CA 21 43 | | | | |

UNDERINSURED MOTORISTS          LIMIT OF INSURANCE
(When not included in Uninsured Motorists Coverage)

| State | "Bodily Injury" and "Property Damage" Each "Accident" | "Bodily Injury" Each "Accident" | "Bodily Injury" Each Person | "Bodily Injury" Each "Accident" | "Property Damage" Each "Accident" |
|-------|---|---|---|---|---|
|       | | | | | |

**CA T0 30 02 16**

© 2015 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

Page 1 of 1

# EXHIBIT A5

# CERTIFIED POLICY

This certification is affixed to a policy which is a true and accurate copy of the document in the company's business records as of the date shown below.

**No additional insurance is afforded by this copy.**

Travelers Property Casualty Company of America

**Name of Insuring Company(ies)**

CAP-177D8592                    2/1/18 to 2/1/19                    12/17/19

**Policy Number(s)**            **Policy Period(s)**              **Date**

Kenneth Kupec, Second Vice President
BI Document Management

COMMERCIAL AUTO
ISSUE DATE: 02-16-18

POLICY NUMBER: TC2J-CAP-177D8592-TIL-18

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# RHODE ISLAND UNINSURED MOTORISTS COVERAGE BODILY INJURY

For a covered "auto" licensed or principally garaged in, or "auto dealer operations" conducted in, Rhode Island, this endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

## SCHEDULE

| | | |
|---|---|---|
| "Bodily Injury" | $ 50,000 | Each "Accident" |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

## A. Coverage

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle" because of "bodily injury" sustained by an "insured" and caused by an "accident".

   The owner's or driver's liability for these damages must result from the ownership, maintenance or use of an "uninsured motor vehicle".

2. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

## B. Who Is An Insured

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family members".

   b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". Any "auto" that is owned by the Named Insured or any "family member" is not a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". Any "auto" that is owned by the Named Insured is not a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

## C. Exclusions

This insurance does not apply to any of the following:

1. Any claim settled without our consent.

2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

3. "Bodily injury" sustained by an individual Named Insured or any "family member" while "occupying" or struck by any vehicle owned by such Named Insured or any "family member" that is not a covered "auto".

COMMERCIAL AUTO

4. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

5. Punitive or exemplary damages.

6. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**D. Limit Of Insurance**

1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the Limit Of Uninsured Motorists Insurance shown in the Schedule or Declarations. If there is more than one covered "auto", our limit of insurance for any one "accident", if "bodily injury" is sustained by an individual Named Insured or any "family member", is the sum of the limits applicable to each covered "auto". Subject to the maximum limit of liability for all damages:

   a. The most we will pay for all damages sustained in such "accident" by an "insured", other than an individual Named Insured or any "family member", is that "insured's" pro rata share of the limit shown in the Schedule or Declarations applicable to the vehicle an "insured" was "occupying" at the time of the "accident".

   b. The individual Named Insured or any "family member" who sustains "bodily injury" in such "accident" will also be entitled to a pro rata share of the limit described in Paragraph **a.** above.

   A person's pro rata share is the proportion that that person's damages bear to the total damages sustained by all "insureds".

2. No one will be entitled to recover duplicate payment for the same elements of "loss" under this coverage and any Liability Coverage form or Medical Payments endorsement attached to this Coverage Part.

   We will not make duplicate payment under this coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

   We will not pay for any element of "loss" if a person is entitled to receive payments for the same element of "loss" under any workers' compensation, disability benefits or similar law.

**E. Changes In Conditions**

The **Conditions** are changed for Rhode Island Uninsured Motorists Coverage – Bodily Injury as follows:

1. **Other Insurance** in the Auto Dealers and Business Auto Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Motor Carrier Coverage Form apply except the reference to "other collectible insurance" applies only to other collectible uninsured motorists insurance.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss** in the Business Auto and Motor Carrier Coverage Forms and **Duties In The Event Of Accident, Claim, Offense, Suit, Loss Or Acts, Errors Or Omissions** in the Auto Dealers Coverage Form are changed by adding the following:

   The Named Insured and any involved "insured" must:

   a. Promptly notify the police if "bodily injury" results from an "accident" involving a hit-and-run driver; and

   b. Promptly send us copies of the legal papers if a "suit" is brought.

3. The **Legal Action Against Us** provision is replaced by the following:

   **Legal Action Against Us**

   a. No one may bring a legal action against us under this Coverage Form until there has been full compliance with all the terms of this Coverage Form; and

   b. Any legal action against us under this Coverage Form must be brought within three years after the date of the "accident". However, this Paragraph **3.b.** does not apply to an "insured" if, within three years after the date of the "accident", we or the "insured" has made a written de-

COMMERCIAL AUTO

mand for arbitration in accordance with the provisions of this Coverage Form.

**4.** **Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

We shall be entitled to recover payment on a "loss" only after the "insured" has been paid the deductible portion of the "loss", less the prorated share of the subrogation expense.

**5.** **Two Or More Coverage Forms Or Policies Issued By Us** does not apply.

**6.** The **Arbitration** Condition is replaced by the following for Uninsured Motorists Coverage:

**Arbitration**

**a.** If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated. Either party may make a written demand for arbitration. Arbitration may be enforced at the option of the "insured". In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

**b.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

**F.** **Additional Definitions**

As used in this endorsement:

**1.** "Family member" means a person related to an individual Named Insured by blood, marriage or adoption, who is a resident of such Named Insured's household, including a ward or foster child.

**2.** "Occupying" means in, upon, getting in, on, out or off.

**3.** "Uninsured motor vehicle" means a land motor vehicle or "trailer":

**a.** For which no liability bond or policy at the time of an "accident" provides at least the amounts required by the applicable law where a covered "auto" is principally garaged;

**b.** Which is an underinsured motor vehicle. An underinsured motor vehicle is a land motor vehicle or "trailer" for which the sum of all liability bonds or policies at the time of an "accident" does not provide at least the amount an "insured" is legally entitled to recover as damages;

**c.** For which an insuring or bonding company denies coverage or is or becomes insolvent;

**d.** That is a hit-and-run vehicle and neither the driver nor owner can be identified; or

**e.** That causes "bodily injury" to an "insured" without physical contact with the "insured", a covered "auto" or a vehicle the "insured" is "occupying". However, in such cases, the "insured" must prove by a fair preponderance of evidence that the "bodily injury" resulted from the negligence of an unidentified motorist.

However, "uninsured motor vehicle" does not include any vehicle owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or who becomes insolvent and cannot provide the amounts required by that motor vehicle law.

# EXHIBIT A6

# CERTIFIED POLICY

This certification is affixed to a policy which is a true and accurate copy of the document in the company's business records as of the date shown below.

**No additional insurance is afforded by this copy.**

Travelers Property Casualty Company of America

**Name of Insuring Company(ies)**

CAP-177D8592                    2/1/18 to 2/1/19                    12/17/19

**Policy Number(s)**            **Policy Period(s)**              **Date**

Kenneth Kupec, Second Vice President
BI Document Management

COMMERCIAL AUTO

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# BUSINESS AUTO EXTENSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM

**GENERAL DESCRIPTION OF COVERAGE** – This endorsement broadens coverage. However, coverage for any injury, damage or medical expenses described in any of the provisions of this endorsement may be excluded or limited by another endorsement to the Coverage Part, and these coverage broadening provisions do not apply to the extent that coverage is excluded or limited by such an endorsement. The following listing is a general coverage description only. Limitations and exclusions may apply to these coverages. Read all the provisions of this endorsement and the rest of your policy carefully to determine rights, duties, and what is and is not covered.

A. BROAD FORM NAMED INSURED

B. BLANKET ADDITIONAL INSURED

C. EMPLOYEE HIRED AUTO

D. EMPLOYEES AS INSURED

E. SUPPLEMENTARY PAYMENTS – INCREASED LIMITS

F. HIRED AUTO – LIMITED WORLDWIDE COVERAGE – INDEMNITY BASIS

G. WAIVER OF DEDUCTIBLE – GLASS

H. HIRED AUTO PHYSICAL DAMAGE – LOSS OF USE – INCREASED LIMIT

I. PHYSICAL DAMAGE – TRANSPORTATION EXPENSES – INCREASED LIMIT

J. PERSONAL PROPERTY

K. AIRBAGS

L. NOTICE AND KNOWLEDGE OF ACCIDENT OR LOSS

M. BLANKET WAIVER OF SUBROGATION

N. UNINTENTIONAL ERRORS OR OMISSIONS

**PROVISIONS**

A. **BROAD FORM NAMED INSURED**

The following is added to Paragraph **A.1., Who Is An Insured**, of **SECTION II – COVERED AUTOS LIABILITY COVERAGE**:

Any organization you newly acquire or form during the policy period over which you maintain 50% or more ownership interest and that is not separately insured for Business Auto Coverage. Coverage under this provision is afforded only until the 180th day after you acquire or form the organization or the end of the policy period, whichever is earlier.

B. **BLANKET ADDITIONAL INSURED**

The following is added to Paragraph **c.** in **A.1., Who Is An Insured**, of **SECTION II – COVERED AUTOS LIABILITY COVERAGE**:

Any person or organization who is required under a written contract or agreement between you and that person or organization, that is signed and executed by you before the "bodily injury" or "property damage" occurs and that is in effect during the policy period, to be named as an additional insured is an "insured" for Covered Autos Liability Coverage, but only for damages to which

this insurance applies and only to the extent that person or organization qualifies as an "insured" under the Who Is An Insured provision contained in Section **II**.

C. **EMPLOYEE HIRED AUTO**

1. The following is added to Paragraph **A.1., Who Is An Insured**, of **SECTION II – COVERED AUTOS LIABILITY COVERAGE**:

An "employee" of yours is an "insured" while operating an "auto" hired or rented under a contract or agreement in an "employee's" name, with your permission, while performing duties related to the conduct of your business.

2. The following replaces Paragraph **b.** in **B.5., Other Insurance**, of **SECTION IV – BUSINESS AUTO CONDITIONS**:

b. For Hired Auto Physical Damage Coverage, the following are deemed to be covered "autos" you own:

(1) Any covered "auto" you lease, hire, rent or borrow; and

(2) Any covered "auto" hired or rented by your "employee" under a contract in an "employee's" name, with your

**CA T3 53 02 15**

© 2015 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

Page 1 of 4

COMMERCIAL AUTO

permission, while performing duties related to the conduct of your business.

However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

**D. EMPLOYEES AS INSURED**

The following is added to Paragraph **A.1., Who Is An Insured**, of **SECTION II – COVERED AUTOS LIABILITY COVERAGE**:

Any "employee" of yours is an "insured" while using a covered "auto" you don't own, hire or borrow in your business or your personal affairs.

**E. SUPPLEMENTARY PAYMENTS – INCREASED LIMITS**

1. The following replaces Paragraph **A.2.a.(2)**, of **SECTION II – COVERED AUTOS LIABILITY COVERAGE**:

   **(2)** Up to $3,000 for cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

2. The following replaces Paragraph **A.2.a.(4)**, of **SECTION II – COVERED AUTOS LIABILITY COVERAGE**:

   **(4)** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $500 a day because of time off from work.

**F. HIRED AUTO – LIMITED WORLDWIDE COVERAGE – INDEMNITY BASIS**

The following replaces Subparagraph **(5)** in Paragraph **B.7., Policy Period, Coverage Territory**, of **SECTION IV – BUSINESS AUTO CONDITIONS**:

**(5)** Anywhere in the world, except any country or jurisdiction while any trade sanction, embargo, or similar regulation imposed by the United States of America applies to and prohibits the transaction of business with or within such country or jurisdiction, for Covered Autos Liability Coverage for any covered "auto" that you lease, hire, rent or borrow without a driver for a period of 30 days or less and that is not an "auto" you lease, hire, rent or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households.

**(a)** With respect to any claim made or "suit" brought outside the United States of America, the territories and possessions of the United States of America, Puerto Rico and Canada:

**(i)** You must arrange to defend the "insured" against, and investigate or settle any such claim or "suit" and keep us advised of all proceedings and actions.

**(ii)** Neither you nor any other involved "insured" will make any settlement without our consent.

**(iii)** We may, at our discretion, participate in defending the "insured" against, or in the settlement of, any claim or "suit".

**(iv)** We will reimburse the "insured" for sums that the "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, that the "insured" pays with our consent, but only up to the limit described in Paragraph **C.**, Limits Of Insurance, of SECTION **II** – COVERED AUTOS LIABILITY COVERAGE.

**(v)** We will reimburse the "insured" for the reasonable expenses incurred with our consent for your investigation of such claims and your defense of the "insured" against any such "suit", but only up to and included within the limit described in Paragraph **C.**, Limits Of Insurance, of SECTION **II** – COVERED AUTOS LIABILITY COVERAGE, and not in addition to such limit. Our duty to make such payments ends when we have used up the applicable limit of insurance in payments for damages, settlements or defense expenses.

**(b)** This insurance is excess over any valid and collectible other insurance available to the "insured" whether primary, excess, contingent or on any other basis.

**(c)** This insurance is not a substitute for required or compulsory insurance in any country outside the United States, its territories and possessions, Puerto Rico and Canada.

© 2015 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.
**CA T3 53 02 15**

COMMERCIAL AUTO

You agree to maintain all required or compulsory insurance in any such country up to the minimum limits required by local law. Your failure to comply with compulsory insurance requirements will not invalidate the coverage afforded by this policy, but we will only be liable to the same extent we would have been liable had you complied with the compulsory insurance requirements.

**(d)** It is understood that we are not an admitted or authorized insurer outside the United States of America, its territories and possessions, Puerto Rico and Canada. We assume no responsibility for the furnishing of certificates of insurance, or for compliance in any way with the laws of other countries relating to insurance.

**G. WAIVER OF DEDUCTIBLE – GLASS**

The following is added to Paragraph **D.**, **Deductible**, of **SECTION III – PHYSICAL DAMAGE COVERAGE**:

No deductible for a covered "auto" will apply to glass damage if the glass is repaired rather than replaced.

**H. HIRED AUTO PHYSICAL DAMAGE – LOSS OF USE – INCREASED LIMIT**

The following replaces the last sentence of Paragraph **A.4.b.**, **Loss Of Use Expenses**, of **SECTION III – PHYSICAL DAMAGE COVERAGE**:

However, the most we will pay for any expenses for loss of use is $65 per day, to a maximum of $750 for any one "accident".

**I. PHYSICAL DAMAGE – TRANSPORTATION EXPENSES – INCREASED LIMIT**

The following replaces the first sentence in Paragraph **A.4.a.**, **Transportation Expenses**, of **SECTION III – PHYSICAL DAMAGE COVERAGE**:

We will pay up to $50 per day to a maximum of $1,500 for temporary transportation expense incurred by you because of the total theft of a covered "auto" of the private passenger type.

**J. PERSONAL PROPERTY**

The following is added to Paragraph **A.4.**, **Coverage Extensions**, of **SECTION III – PHYSICAL DAMAGE COVERAGE**:

**Personal Property**

We will pay up to $400 for "loss" to wearing apparel and other personal property which is:

**(1)** Owned by an "insured"; and

**(2)** In or on your covered "auto".

This coverage applies only in the event of a total theft of your covered "auto".

No deductibles apply to this Personal Property coverage.

**K. AIRBAGS**

The following is added to Paragraph **B.3.**, **Exclusions**, of **SECTION III – PHYSICAL DAMAGE COVERAGE**:

Exclusion **3.a.** does not apply to "loss" to one or more airbags in a covered "auto" you own that inflate due to a cause other than a cause of "loss" set forth in Paragraphs **A.1.b.** and **A.1.c.**, but only:

**a.** If that "auto" is a covered "auto" for Comprehensive Coverage under this policy;

**b.** The airbags are not covered under any warranty; and

**c.** The airbags were not intentionally inflated.

We will pay up to a maximum of $1,000 for any one "loss".

**L. NOTICE AND KNOWLEDGE OF ACCIDENT OR LOSS**

The following is added to Paragraph **A.2.a.**, of **SECTION IV – BUSINESS AUTO CONDITIONS**:

Your duty to give us or our authorized representative prompt notice of the "accident" or "loss" applies only when the "accident" or "loss" is known to:

**(a)** You (if you are an individual);

**(b)** A partner (if you are a partnership);

**(c)** A member (if you are a limited liability company);

**(d)** An executive officer, director or insurance manager (if you are a corporation or other organization); or

**(e)** Any "employee" authorized by you to give notice of the "accident" or "loss".

**M. BLANKET WAIVER OF SUBROGATION**

The following replaces Paragraph **A.5.**, **Transfer Of Rights Of Recovery Against Others To Us**, of **SECTION IV – BUSINESS AUTO CONDITIONS**:

**5. Transfer Of Rights Of Recovery Against Others To Us**

We waive any right of recovery we may have against any person or organization to the extent required of you by a written contract signed and executed prior to any "accident" or "loss", provided that the "accident" or "loss" arises out of operations contemplated by

© 2015 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

COMMERCIAL AUTO

such contract. The waiver applies only to the person or organization designated in such contract.

**N. UNINTENTIONAL ERRORS OR OMISSIONS**

The following is added to Paragraph **B.2.**, **Concealment, Misrepresentation, Or Fraud**, of **SECTION IV – BUSINESS AUTO CONDITIONS**:

The unintentional omission of, or unintentional error in, any information given by you shall not prejudice your rights under this insurance. However this provision does not affect our right to collect additional premium or exercise our right of cancellation or non-renewal.

© 2015 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

**CA T3 53 02 15**

# EXHIBIT B



## SUPPLEMENTARY COMMERCIAL AUTOMOBILE APPLICATION
# RHODE ISLAND

*(To be completed and signed by Named Insured)*

NAME:   STATE OF RHODE ISLAND

ADDRESS:   ONE CAPITOL HILL

PROVIDENCE                    RI 02908-5850

## UNINSURED MOTORISTS COVERAGES

### UNINSURED MOTORISTS BODILY INJURY (UMBI) COVERAGE

Uninsured Motorists Bodily Injury (UMBI) Coverage provides protection against damages for bodily injury which the insured is legally entitled to recover from the owner or driver of a motor vehicle for which there is no liability bond or policy providing the minimum limits required by applicable law, for which the insurer denies coverage or is or becomes insolvent, or for which the owner or driver is unidentified. UMBI Coverage also provides protection against damages for bodily injury where a motor vehicle is insured, but the available liability limits are not enough to pay the full amount of the insured's damages. Refer to your policy for the prevailing coverage provisions.

Your automobile liability or motor vehicle liability policy shall <u>automatically</u> include UMBI Coverage at limits equal to the Bodily Injury Liability policy limits, <u>unless</u> you select lower limits, but not less than the minimum required financial responsibility limits of $25,000 each person/$50,000 each accident, or $50,000 each accident (single limit).

YOU ALSO HAVE THE RIGHT TO REJECT UMBI COVERAGE <u>BUT ONLY IF</u> THE BODILY INJURY LIABILITY POLICY LIMITS ARE <u>EQUAL TO</u> THE MINIMUM REQUIRED FINANCIAL RESPONSIBILITY LIMITS.

### UNINSURED MOTORISTS PROPERTY DAMAGE (UMPD) COVERAGE

Uninsured Motorists Property Damage (UMPD) Coverage provides protection against damages for property damage which the insured is legally entitled to recover from the owner or driver of a motor vehicle for which there is no liability bond or policy providing the minimum limits required by applicable law, for which the insurer denies coverage or is or becomes insolvent, or for which the owner or driver is unidentified. Refer to your policy for the prevailing coverage provisions.

If your policy does <u>not</u> include collision coverage, then your automobile liability or motor vehicle liability policy shall <u>automatically</u> include UMPD Coverage at a limit equal to $25,000 each accident, <u>unless</u> you reject UMPD Coverage or select higher limits up to the Property Damage Liability policy limit. If your policy includes collision coverage, then UMPD Coverage is optional and no UMPD Coverage will be afforded unless you elect UMPD Coverage limits.

### ELECTION OPTIONS

Please indicate your elections by checking the applicable box(es), and signing below:

UNINSURED MOTORISTS BODILY INJURY COVERAGE:

☐ I wish to <u>select</u> UMBI Coverage equal to the Bodily Injury Liability policy limits.

☐ I wish to <u>select</u> UMBI Coverage at limits lower than the Bodily Injury Liability policy limits, but not less than the minimum required financial responsibility limits. (Specify limits)

☐ $100,000 each accident;

☐ $250,000 each accident;

☐ $300,000 each accident;

☐ $350,000 each accident;

☐ $500,000 each accident;

☐ $750,000 each accident;

☐ $1,000,000 each accident;

☐ _____

UI RI 10 08 13          © 2008 The Travelers Indemnity Company. All rights reserved.

☑ I wish to <u>select</u> UMBI Coverage at the minimum financial responsibility limits of $25,000 each person/$50,000 each accident, or $50,000 each accident (single limit). The Uninsured Motorists Coverage limits will be either split (each person/each accident) or a single limit (each accident), consistent with the Bodily Injury Liability limits on your policy.

☐ I wish to <u>reject</u> UMBI Coverage (<u>only applicable</u> if the Bodily Injury Liability limits are equal to the minimum required financial responsibility limits).

UNINSURED MOTORISTS PROPERTY DAMAGE COVERAGE:

☑ I wish to <u>reject</u> UMPD Coverage.

☐ I wish to <u>select</u> UMPD Coverage equal to the minimum available limit of $25,000 each accident.

☐ I wish to <u>select</u> UMPD Coverage equal to the Property Damage Liability policy limits.

☐ I wish to <u>select</u> UMPD Coverage at limits lower than the Property Damage Liability policy limits, but not less than the minimum available limit of $25,000 each accident. (Specify limits)

      ☐ $50,000 each accident;

      ☐ $100,000 each accident;

      ☐ _____


## <u>PURSUANT TO SEC. 27-7-2.1 UNINSURED/UNDERINSURED MOTORIST BODILY INJURY</u>

### * REJECTION NOTICE AND WARNING *

### THE LAW REQUIRES YOU TO READ THIS NOTICE FOR YOUR INFORMATION

In order to make sure that you are aware of the risks of going without uninsured/underinsured motorist bodily injury coverage, the State of Rhode Island **requires** your insurance producer or insurance company to obtain your signature showing that you have read this document and understand this warning, **before** they are allowed to sell you motor vehicle insurance without uninsured/underinsured motorist bodily injury coverage. <u>IF YOU CHOOSE NOT TO BUY UNINSURED/UNDERINSURED MOTORIST BODILY INJURY COVERAGE YOU MIGHT HAVE NO MOTOR VEHICLE INSURANCE COVERAGE FOR YOUR OWN INJURIES IF YOU ARE HIT BY AN UNINSURED MOTORIST.</u> Many motorists will ignore mandatory auto insurance laws, and many motorists passing through from another state will not have insurance. Most uninsured/underinsured motorists do not have assets or money to pay you for your injuries, even if you win a lawsuit against them. Uninsured/underinsured motorist bodily injury coverage may be your only protection.

<u>The Department of Business Regulation of the State of Rhode Island STRONGLY RECOMMENDS that motorists obtain uninsured/underinsured motorists bodily injury coverage as part of their motor vehicle insurance package.</u>

I have read and I understand this, and I choose not to buy uninsured/underinsured motorist coverage.

**\*UNINSURED/UNDERINSURED MOTORISTS COVERAGE MAY BE REJECTED ONLY IF MINIMUM LIABILITY LIMITS ARE REQUESTED (25/50)**

I understand that the coverage selection or rejection indicated above shall apply to the policy or policies in effect at the time this form is executed and all future renewal policies until I notify the Company IN WRITING of any changes or I am notified by the Company of a change in the form requiring a new offer form for my completion.

My signature below, and/or payment of any premium, evidences my actual knowledge and understanding of the availability of these benefits and limits as well as the benefits and limits I have elected.

| SIGNATURE OF NAMED INSURED | DATE |
|---|---|
| *Kevin M. Carvalho RI State Risk Manager* | *11/9/16* |

© 2008 The Travelers Indemnity Company. All rights reserved.


**TRAVELERS**

### SUPPLEMENTARY COMMERCIAL AUTOMOBILE APPLICATION
# RHODE ISLAND
*(To be completed and signed by Named Insured)*

| NAME: | STATE OF RHODE ISLAND |
|---|---|

| ADDRESS: | ONE CAPITOL HILL |
|---|---|

PROVIDENCE              RI 02908-5850

### AUTO MEDICAL PAYMENTS COVERAGE

Rhode Island law requires that Medical Payments Coverage be provided in a policy insuring against loss resulting from liability imposed by law or for injuries caused by a motor vehicle collision or for injuries arising out of the ownership, maintenance, or use of a motor vehicle, provided that the named insured shall have the right to reject this coverage. Medical Payments Coverage will *automatically* be provided at a limit of $2,500 per person, unless you reject this coverage by checking the proper box below, and return this form.

*If this policy is a renewal*, your policy will <u>automatically</u> reflect the rejection or coverage limits of your expiring policy, <u>unless</u> you change your election. You may change your Medical Payments Coverage election by checking the proper box and signing below.

☑ I <u>reject</u> Medical Payments Coverage
☐ I <u>select</u> Medical Payments Coverage

I understand that the coverage selection or rejection indicated above shall apply on the policy or policies in effect at the time this form is executed and all future renewal policies until I notify the Company IN WRITING of any changes.

My signature below, and/or payment of any premium, evidences my actual knowledge and understanding of the availability of these benefits and limits as well as the benefits and limits I have selected.

| SIGNATURE OF NAMED INSURED | DATE |
|---|---|
| *Thomas A. Carroll  RI State Risk Manager* | 11/9/16 |

UI RI 50 02 08                                                                                           Page 1 of 1

# EXHIBIT C

Filed in Providence/Bristol County Superior Court
Submitted: 4/5/2021 3:18 PM
Envelope: 3038907
Reviewer: Jaiden H.

STATE OF RHODE ISLAND                           SUPERIOR COURT
PROVIDENCE, SC.

CYNTHIA A. ROBERGE        )
   Plaintiff,             )
                          )
VS.                       )        C.A. NO. P.C. 2021-_____
                          )
TRAVELERS PROPERTY CASUALTY )
COMPANY OF AMERICA,        )
   Defendant             )

COUNT I
BREACH OF CONTRACT CLAIM

1.    Plaintiff Cynthia A. Roberge, while in the scope of her
      employment with the State of Rhode Island and was
      involved in a motor vehicle accident on October 18, 2018
      with an underinsured motorist.

2.    Upon information and belief, the State of Rhode Island
      procured commercial auto policy with Travelers Property
      Casualty Company of America, Policy No. TC2JCAP 177D8592,
      effective dates of coverage:  February 1, 2018 to
      February 1, 2019.

3.    On the date of the accident with the underinsured
      motorist, plaintiff was required to use her own personal
      automobile in the scope of her employment.

4.    Travelers' policy contained a Business Auto Extension
      Endorsement which provides in pertinent parts as follows:

      "D.    EMPLOYEES AS INSURED

The following is added to Paragraph A.1, Who is An Insured, of
Section II – COVERED AUTOS LIABILITY COVERAGE:

Any "employee" of yours is an "insured" while using a covered "a
covered auto" you don't own, hire or borrow in your business or
your personal affairs."

5.    At the time of the accident, plaintiff's auto was a
      covered  auto for liability purposes.

:d in Providence/Bristol County Superior Court
ɔmitted: 4/5/2021 3:18 PM
/elope: 3038907
/iewer: Jaiden H.

6.  Given Travelers provided liability coverage for plaintiff's auto pursuant to the Business Auto Extension Endorsement, under Rhode Island law Travelers was also required to provide uninsured/underinsured coverage for her auto in an amount equal to the liability limits.

7.  Travelers' policy impermissibly attempts to restrict underinsured coverage to only vehicles with a Symbol 2 or "owned autos" only in violation of Rhode Island law.

8.  Pursuant to R.I.G.L. § 27-7-2.1(a), Travelers was required to provide uninsured/underinsured motorist coverage in an amount equal to the insured's bodily injury liability limits, unless the insured opted to select a limit less than the bodily injury liability coverage.

8.  Pursuant to § 27-7-2.1 (d) and under Rhode Island law, Travelers was further required to notify the policy holder in any renewal, reinstatement, substitute, amended, altered, modified, transfer or replacement policy as to the availability of additional uninsured/underinsured coverage or optional limits, which notice was required be provided with each change in order to be effective.

9.  Pursuant to 27-7-2.1 (a) The named insured shall have the option of selecting a limit in writing less than the bodily injury liability coverage, but in no event less than the limits set forth in § 31-31-7, unless the named insured is purchasing only the minimum coverage required by compulsory insurance provisions of the general laws, in which case the limit can be reduced to zero, but only after signing an advisory notice approved by the director of business regulation concerning the hazard of uninsured and underinsured motorists.

10.  As such, the plaintiff is entitled to underinsured motorist  coverage in the amount of liability limits for $1,000,000.

11.  By failing to provide said coverage consistent with Rhode Island law, Travelers has breached its contract.

d in Providence/Bristol County Superior Court
ubmitted: 4/5/2021 3:18 PM
relope: 3038907
viewer: Jaiden H.

COUNT II
DECLARATORY JUDGMENT

13. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-12 of this Complaint as if set forth fully herein.

14. Given the plaintiff was in the scope of her employment at the time of accident, she is considered a named insured under Travelers' policy pursuant to *Martinelli v. Travelers*, 687 A.2d 443, 447 (R.I.1996) and is entitled to underinsured motorist coverage in the amount of $1,000,000.

15. By failing to provide underinsured coverage to Travelers' named insured, it has breached its contract.

COUNT III
DECLARATORY JUDGMENT

16. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-15 of this Complaint as if set forth fully herein.

17. Upon information and belief, when the policy was renewed, Travelers failed to offer uninsured/underinsured motorist coverage in the amount of the liability limits of $1,000,000 as required by law.

18. By failing to do so, Travelers' underinsured motorist coverage must be reformed to equal the liability limits of $1,000,000 pursuant to Rhode Island law.

COUNT IV
DECLATORY JUDGMENT

19. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-18 of this Complaint as if set forth fully herein.

20. Travelers' acts as alleged herein were fraudulent and malicious. As a result, Cynthia Roberge is entitled to an award of punitive damages to punish Travelers and for the sake of example, all in a sum to be proven at trial.

d in Providence/Bristol County Superior Court
omitted: 4/5/2021 3:18 PM
velope: 3038907
iewer: Jaiden H.

COUNT V
BAD FAITH

21. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-20 of this Complaint as if set forth fully herein.

22. The actions and conduct of the defendant TRAVELERS in its denial of underinsured motorist coverage to the plaintiff CYNTHIA ROBERGE were, and continue to be, wrongful, without any reasonable basis in either fact and or law, and in bad faith, both pursuant to common-law and the provisions of, but not limited to, R.I.G.L. § 9-1-33 et seq, R.I.G.L. § 27-9-1 et seq. and Rhode Island Department of Business Regulation LXXIII (73)

23. As a direct and proximate result of the bad faith of the defendant TRAVELERS as aforesaid, the plaintiff CYNTHIA ROBERGE was caused to sustain severe and substantial monetary and other unspecified damages, and has incurred interest, costs, and attorney's fees.

24. The monetary damages sustained by the plaintiff CYNTHIA ROBERGE are sufficient to invoke the jurisdiction of this Court.

25. Pursuant to R.I.G.L. § 9-21-10, statutory pre-judgment interest accrues from date of loss of on or about at the rate of twelve percent (12%) per year.

PRAYER FOR RELIEF

WHEREFORE, the plaintiff CYNTHIA ROBERGE prays that:

1. This Court interpret and construe the applicable insurance policies issued by TRAVELERS and make a binding declaration of the respective rights, duties, and obligations of the parties.

2. This Court issue a binding declaration that the defendant TRAVELERS was and is obligated to provide underinsured motorist coverage to the plaintiff CYNTHIA ROBERGE as described above.

3. This Court issue a binding declaration that the TRAVELERS policy provides underinsured motorist coverage for the

d in Providence/Bristol County Superior Court
omitted: 4/5/2021 3:18 PM
/elope: 3038907
/iewer: Jaiden H.

injuries and or damages sustained by CYNTHIA ROBERGE as a result of the incident of July 14, 1998 together with any and all statutory interest, costs, and attorney's fees.

4.   That this Court issue a binding declaration and or judgment that the actions and conduct of the defendant TRAVELERS in its denial of underinsured motorist coverage to the plaintiff CYNTHIA ROBERGE were, and continue to be, wrongful, without any reasonable basis and in bad faith, both pursuant to common-law and the provisions of, but not limited to, R.I.G.L. § 9-1-33 et seq, R.I.G.L. § 27-9-1 et seq. and Rhode Island Department of Business Regulation LXXIII (73)

5.   This Court afford any and all other relief as necessary, including, but not limited to, full compensatory and punitive damages, including any and all statutory interest, costs, and attorney's fees.

THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS.

                              Plaintiff,
                              By her Attorney

                              /s/Wayne G. Resmini, Esq.
                              Wayne G. Resmini, Esq. #6373
                              RESMINI LAW LLC
                              1022 Reservoir Avenue
                              Cranston, RI 02910
                              (401) 751-6655 (Phone)
                              (401) 751-6282 (Facsimile)

Dated: April 4, 2021

# EXHIBIT D

## STATE OF RHODE ISLAND UNIFORM CRASH REPORT

| Reporting Agency Name | Report Number | Crash Date | Crash Time | Walk In Report | Parking Lot |
|---|---|---|---|---|---|
| **RISP - Lincoln (001)** | **18RIX4-3304-AC** | **10/18/2018** | **15:06** | ☐ | ☐ |

| City or Town Name | Street or Highway | ☐ On Ramp | Exit # | # of Lanes | Posted Speed Limit | |
|---|---|---|---|---|---|---|
| **Providence** | **ROUTE 95** | ☐ Off Ramp | | **3** | **55** | ☐ N/A ☐ Unk |

| Nearest Intersection Street | Direction From Nearest Intersection to Crash Site: ☐ At Inter. ☐ North ☑ South ☐ East ☐ West | Distance From Nearest Inter. **100** ☑ Feet ☐ Miles | Lattitude | Longitude |
|---|---|---|---|---|

| Unit ID | Driver's Last Name | First Name | M.I. | DOB | Unit ID | Driver's Last Name | First Name | M.I. | DOB |
|---|---|---|---|---|---|---|---|---|---|
| **1** | **ROBERGE** | **CYNTHIA** | **A** | **11/17/1965** | **2** | **FORTEZ** | **EDDA** | | **03/26/1996** |

| Address | City | Address | City |
|---|---|---|---|
| **9A VILLAGE GREEN N** | **EAST PROVIDENCE** | **1046 MAIN ST 3** | **PAWTUCKET** |

| State | Zip | Home Phone | Cell Phone | Work Phone | State | Zip | Home Phone | Cell Phone | Work Phone |
|---|---|---|---|---|---|---|---|---|---|
| **RI** | **02914** | **401-954-6874** | | | **RI** | **02860** | **401-442-1791** | | |

| Driver's License # | | Lic. State | Driver's License # | | Lic. State |
|---|---|---|---|---|---|
| **2012996** | ☐ CDL | **RI** | **3596665** | ☐ CDL | **RI** |

| M/V Violation | M/V Violation | M/V Violation | M/V Violation | M/V Violation | M/V Violation | M/V Violation | M/V Violation |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| Driver/Owner Same ☑ | Owner's Last Name | First Name | M.I. | Driver/Owner Same ☑ | Owner's Last Name | First Name | M.I. |
|---|---|---|---|---|---|---|---|

| Address | City | Address | City |
|---|---|---|---|

| State | Zip | Home Phone | Cell Phone | Work Phone | State | Zip | Home Phone | Cell Phone | Work Phone |
|---|---|---|---|---|---|---|---|---|---|

| Insurance Company Name | | Insurance Policy Number | Insurance Company Name | | Insurance Policy Number |
|---|---|---|---|---|---|
| **USAA** | ☐ No Ins. | **034470105C71017** | **ZULUAGA INSURANCE** | ☐ No Ins. | **18158304964** |

**Hit And Run**
☐ Yes, M/V & Driver Left Scene   ☐ Yes, Driver Left Scene   ☑ No   ☐ Unk

**Hit And Run**
☐ Yes, M/V & Driver Left Scene   ☐ Yes, Driver Left Scene   ☑ No   ☐ Unk

| Registration# | ☐ Not Reg. | State | Yr Reg. | VIN | Registration# | ☐ Not Reg. | State | Yr Reg. | VIN |
|---|---|---|---|---|---|---|---|---|---|
| **AU901** | | **RI** | **2018** | **4T1BE46K37U035625** | **XF252** | | **RI** | **2019** | **KNAFE122565250312** |

| Veh Yr. | Make | Model | Color | Plate Type | Veh Yr. | Make | Model | Color | Plate Type |
|---|---|---|---|---|---|---|---|---|---|
| **2007** | **TOYOTA** | **CAMRY** | **silver** | **PC** | **2006** | **KIA** | **SPECTRA** | **silver** | **PC** |

| Vehicle Travel Direction | Vehicle Travel Direction |
|---|---|
| ☑ Northbound   ☐ Southbound   ☐ Eastbound   ☐ Westbound   ☐ Not on Roadway   ☐ Unk | ☑ Northbound   ☐ Southbound   ☐ Eastbound   ☐ Westbound   ☐ Not on Roadway   ☐ Unk |

| Vehicle Towed? | Towing Company Name | Haz Mat Placard? | Vehicle Towed? | Towing Company Name | Haz Mat Placard? |
|---|---|---|---|---|---|
| ☑ Yes ☐ No | **K & B Towing** | ☐ Yes ☑ No | ☑ Yes ☐ No | **K & B Towing** | ☐ Yes ☑ No |

### Person Type

| 1 Driver | 4 Bicyclist | 7 Other Ped. (Wheelchair, Person in Building, Skater, Ped Conveyance, etc.) | 9 Occupant of Non-Motor Veh Transportation Device |
|---|---|---|---|
| 2 Passenger | 5 Other Cyclist | | 10 Unknown Type of Non-Motorist |
| 3 Pedestrian | 6 Witness | 8 Occupant of Motor Veh. not in Transport (Parked, etc.) | 11 Unknown |

| Unit ID | Sex | Seat Position | Other Location | Air Bag | Ejected | Protection System | Injury |
|---|---|---|---|---|---|---|---|
| 1 Unit 1 | M Male | [M] 13 Other Row (Bus) | 17 N/A | **Deployed** | 1 No | 1 N/A   7 Child - Forw. Fading | 1 Complains of Pain |
| 2 Unit 2 | F Female | [1][2][3] 14 Uth. Row | 18 Sleeper | 1 N/A   5 Other | 2 Partially | 2 None Used   8 Child - Rear Facing | 2 Non-Incapacitating |
| 3 (etc.) | U Unk. | [4][5][6] 15 Other Seat | 19 Other Enclosed Area | 2 No   6 Comb | 3 Totally | 3 Shoulder & Lap   9 Booster Seat | 3 Incapacitating |
| or N/A | | [7][8][9] 16 Unk. Seat | 20 Other Unenclosed Area | 3 Front   7 Unk. | 4 N/A | 4 Shoulder Only   10 Child - Unk | 4 Fatal |
| | | [10][11][12] | 21 Towed Unit | 4 Side | 5 Unk. | 5 Lap Only   11 Helmet Used | 5 No Injury |
| | | | 22 Unknown | | | 6 Type Unknown   12 Other   13 Unk. | 6 Unknown |

| Name: Occupants - Witnesses - Pedestrians - Bicylists | Person Type | Unit ID | Sex | DOB | Seat Pos. | Air Bag Deployed | Ejected | Prot. System | Injury | Trans by Rescue |
|---|---|---|---|---|---|---|---|---|---|---|
| **ROBERGE, CYNTHIA A** | 1 | 1 | F | 11/17/1965 | 1 | 2 | 1 | 3 | 1 | ☑ Y ☐ N |
| **VAILLANCOURT, DYLAN A** | 2 | 1 | M | 12/07/1993 | 2 | 2 | 1 | 3 | 1 | ☑ Y ☐ N |
| **FORTEZ, EDDA** | 1 | 2 | F | 03/26/1996 | 1 | 2 | 1 | 3 | 5 | ☐ Y ☑ N |

| Non-Vehicle Property Damage | ☐ State Property | ☐ City/Town Property | ☐ Private Property |
|---|---|---|---|

| Owner | Address |
|---|---|

| Home Phone | Cell Phone | Work Phone | Damage Description |
|---|---|---|---|

| Reporting Officer Name | Reporting Officer Badge Number | Report Date |
|---|---|---|
| **TROOPER ROBERT BENTSEN** | **33** | **10/18/2018** |

O-6                9/11/2019  7:49:45 AM   PAGE   6/010   Fax Server

Case 1:21-cv-00193-JJM-LDA   Document 21-3   Filed 06/14/23   Page 50 of 122 PageID
TRV,GM 192531500536500000 0 ,09/10/2019,ECN 192531500 00786                #: 275

| Report Number | **STATE OF RHODE ISLAND UNIFORM CRASH REPORT** |
|---|---|
| **18RIX4-3304-AC** | **CODING GUIDE** |

**4 ——Type of Roadway**
1 Two-Way, Not Divided (No Median or Barrier)
2 Two-Way, Not Divided with Continuous Left Turn Lane
3 Two-Way, Divided, Uprotected (painted >4 feet) Median
4 Two-Way, Divided, Positive Median Barrier
5 One-Way, Trafficway
6 Unknown

**1 ——Road Surface Condition (Prevailing)**
1 Dry          5 Ice/Frost                    9 Oil
2 Wet          6 Water (Standing, Moving)     10 Other
3 Snow         7 Sand                         11 Unknown
4 Slush        8 Mud, Dirt, Gravel

**1 ——Light Condition (Prevailing)**
1 Daylight          5 Dark - Not Lighted
2 Dawn              6 Dark - Unknown Lighting
3 Dusk              7 Other
4 Dark - Lighted    8 Unknown

**1 ——Weather Condition (Prevailing)**
1 Clear              5 Sleet, Hail (Freezing Rain or Drizzle)
2 Cloudy             6 Snow
3 Fog, Smog, Smoke   7 Blowing Snow
4 Rain               8 Severe Crosswinds

**2 ——Manner of Impact**
1 Not a collision between two Motor Vehicles in Transport
2 Rear End (Front-to-Rear)
3 Head-On (Front-to-Front)
4 Angle (Front-to-Side) Same Direction
5 Angle (Front-to-Side) Opposite Direction
6 Angle (Front-to-Side) Right Angle (Includes Broadside)
7 Angle Direction Not Specified
8 Sideswipe, Same Direction
9 Sideswipe, Opposite Direction
10 Rear-to-Side
11 Rear-to-Rear
12 Other
13 Unknown

**School Bus Related Crash?**
(Directly Involved Indicates Contact was made)

☐ Yes, Directly Involved    ☑ No

☐ Yes, Indirectly Involved

**Traffic Controls ————————————————— 10**
1 No Controls              7 Yield Signs
2 Person                   8 Warning Signs
3 Traffic Control Signal   9 Railway Crossing Device
4 Flashing Traffic Control Sig.  10 Pavement Markings
5 School Zone Signs        11 Other
6 Stop Signs               12 Unknown

**Pre-Crash Traffic Controls Malfunctioning, Damaged or Missing?**

☐ Yes    ☑ No    ☐ N/A

**Construction Zone Crash?**

(Crash Occurs in or Related to Construction, Maintenance, or Utility Work
Zone. May Include Vehicles Slowed or Stopped because of Work Zone)

☑ Yes    ☐ No

**Construction Workers Present?**

☐ Yes    ☑ No

**Contributing Circumstances Environment ———— 1st ─── 1**
1 None
2 Weather Conditions
3 Physical Obstructions
4 Glare
5 Animal(s) in Roadway                    2nd
6 Other
7 Unknown
                                          3rd

**Contributing Circumstances Road ———— 1st ─── 1**
1 None
2 Road Surface (Wet, Icy, Snow, Slush, etc.)
3 Debris
4 Rut, Holes, Bumps                       2nd
5 Work Zones (Construction/Maintenance/Utility)
6 Worn, Travel-Polished Surface
7 Obstruction in Roadway
8 Traffic Control Device Inoperative, Missing, or Obscured  3rd
9 Shoulders (None, Low, Soft, High)
10 Non-Highway Work
11 Other
12 Unknown

---

**1 ── Vehicle #1** ——————— **Unit Types** ——————— **Vehicle #2 —— 1**

| | | |
|---|---|---|
| 1 Passenger Car | 6 Motor Home  11 Motorcycle | 17 Tow Truck |
| 2 (Sport) Utility Vehicle | 7 School Bus  12 Moped | 18 Pedestrian |
| 3 Passenger Van | 8 Transit Bus  13 Low Speed Vehicle | 19 Bicyclist |
| 4 Cargo Van (10K lbs[4,536 kg] or less) | 9 Motor Coach  14 Other Light Trucks (10K lbs [4,536 kg] or less) | 20 Witness |
| 5 Pickup | 10 Other Bus  15 Tractor Trailer or Combination (More than 10K lbs [4,5,36kg]) | 21 Other |
| | 16 Medium/Heavy Trucks (More than 10K lbs [4,5,36 kg]) | |

**Vehicle #1**                                                         **Vehicle #2**
☐ Yes ☑ No ── **Does this Vehicle have Seats to Transport 9 or more people, including the Driver's Seat?** ── ☐ Yes ☑ No

**Vehicle #1**                                                         **Vehicle #2**
☐ Yes ☑ No ——————————— **Was this Vehicle in Tow?** ——————————— ☐ Yes ☑ No

**Vehicle #1**                                                         **Vehicle #2**
**1** ———————————— **Special Function Vehicle** ———————————— **1**
1 No Special Function   3 Vehicle Used as School Bus   5 Military    7 Ambulance     9 Unknown
2 Taxi                  4 Vehicle Used as Other Bus    6 Police      8 Fire Truck



| Report Number | |
|---|---|
| **18RIX4-3304-AC** | |

## STATE OF RHODE ISLAND UNIFORM CRASH REPORT
## CODING GUIDE

**Vehicle #1** — ☐ Yes ☑ No ☐ Unk. — Police, Ambulance or Fire Truck Responding to a Call? — **Vehicle #2** — ☐ Yes ☑ No ☐ Unk.

**1**
**Vehicle #1** — Motor Vehicle Position — **Vehicle #2** — **1**
1 Motor Vehicle on Roadway    2 Motor Vehicle parked    3 Working Vehicle/Equipment

**4**
**Vehicle #1** — Extent of Damage — **Vehicle #2** — **4**
1 No Damage Observed    2 Minor Damage (<= $1,000)    3 Functional Damage (> $1,000)    4 Disabling Damage (> $1,000)

**13**
**Vehicle #1** — Most Harmful Event — **Vehicle #2** — **13**

**Non-Collision:** | **Collision with Person, Motor Veh., or Non-Fixed Object:** | **Collision with Fixed Object:**

Non-Collision:
1 Overturn/Rollover
2 Fire/Explosion
3 Immersion
4 Jackknife
5 Cargo/Equip. Loss or Shift
6 Fell/Jumped from Motor Veh.
7 Thrown or Falling Object
8 Other Non-Collision

Collision with Person, Motor Veh., or Non-Fixed Object:
9 Pedestrian
10 Pedalcycle
11 Railway Vehicle (Train, Engine)
12 Animal
13 Motor Vehicle in Transport
14 Work Zone/Maintenance Equipment
15 Other Non-Fixed Object

Collision with Fixed Object:
16 Impact Attenuator/Crash Cushion
17 Bridge Overhead Structure
18 Bridge Pier or Support
19 Bridge Rail
20 Culvert
21 Curb
22 Ditch
23 Embankment
24 Guardrail Face
25 Guardrail End
26 Jersey/Concrete Traffic Barrier
27 Other Traffic Barrier

28 Tree (Standing)
29 Landscaping
30 Utility Pole (Elec/Tele)/Light Support
31 Highway Lighting/Light Standard
32 Traffic Sign/Support
33 Traffic Signal/Support
34 Traffic Control Box
35 Variable Message Board/Arrow Board
36 Other Post, Pole, or Support
37 Fence
38 Mailbox
39 Other Fixed Object (Wall, Building, Tunnel, etc.)
40 Unknown - Most Harmful Event

**13**
**Vehicle #1** — Vehicle Action Prior — **Vehicle #2** — **1**

1 Movements Essentially Straight Ahead
2 Backing
3 Changing Lanes
4 Overtaking/Passing
5 Turning Right

6 Turning Left
7 Making U-Turn
8 Leaving Traffic Lane
9 Entering Traffic Lane
10 Slowing

11 Negotiating a Curve
12 Parked
13 Stopped in Traffic
14 Other
15 Unknown

**6** **Vehicle #1**

**Passenger Car**

**Motorcycle**

**Passenger Car W/Trailer**

**Bus**

**Tractor Trailer**

**Initial Impact Area**
Clock Diagram
or
13 Top (Roof)
14 Undercarriage
15 Non-Collision
16 Unknown

**Most Damaged Area**

**6** **Vehicle #1**

**Vehicle #2** **12**

**Initial Impact Area**
Clock Diagram
or
13 Top (Roof)
14 Undercarriage
15 Non-Collision
16 Unknown

**Most Damaged Area**

**Vehicle #2** **12**

| Report Number | STATE OF RHODE ISLAND UNIFORM CRASH REPORT |
|---|---|
| **18RIX4-3304-AC** | **CODING GUIDE** |

**1st**
**13**

**Vehicle #1**

**1st**
**Vehicle #2**
**13**

### Sequence of Events

**2nd**

**Non-Collision:**
1 Overturn/Rollover
2 Fire/Explosion
3 Immersion
4 Jackknife
5 Cargo/Equipment Loss or Shift
6 Fell/Jumped from Motor Veh.
7 Thrown or Falling Object
8 Other Non-Collision

**3rd**

**Collision with Person, Motor Veh., or Non-Fixed Object:**
9 Pedestrian
10 Pedalcycle
11 Railway Vehicle (Train, Engine)
12 Animal
13 Motor Vehicle in Transport
14 Work Zone/Maintenance Equipment
15 Other Non-Fixed Object

**4th**

16 Impact Attenuator/Crash Cushion
17 Bridge Overhead Structure
18 Bridge Pier or Support
19 Bridge Rail
20 Culvert
21 Curb
22 Ditch
23 Embankment
24 Guardrail Face
25 Guardrail End
26 Jersey/Concrete Traffic Barrier
27 Other Traffic Barrier

**Collision with Fixed Object:**
28 Tree (Standing)
29 Landscaping
30 Utility Pole (Elec/Tele)/Light Support
31 Highway Lighting/Light Standard
32 Traffic Sign/Support
33 Traffic Signal/Support
34 Traffic Control Box
35 Variable Message Board/Arrow Board
36 Other Post, Pole, or Support
37 Fence
38 Mailbox
39 Other Fixed Object (Wall, Building, Tunnel, etc.)

**2nd**

**3rd**

**4th**

40 Unknown - Sequence of Events

---

**1**

**Driver Vehicle #1**

### Driver Distracted

**Driver Vehicle #2**
**6**

1 Not Distracted
2 Electronic Communications Devices (Cell Phone, Pager, etc.)
3 Other Electronic Devices (Navigation Device, Palm Pilot, etc.)

4 Other Inside the Vehicle
5 Other Outside the Vehicle
6 Unknown

---

**1**

**Driver Vehicle #1**

### Physical Condition of Driver

**Driver Vehicle #2**
**1**

1 Apparently Normal
2 Emotional (Depressed, Angry, Disturbed, etc.)
3 Ill (Sick)

4 Fell Asleep, Fainted, Fatigued, etc.
5 Under the influence of medications/drugs/alcohol
6 Unknown

---

**1st**

### Non-Motorist Safety Equipment

**1st**

**2nd**

1 None
2 Helmet
3 Protective Pads Used (Elbows, Knees, Shins, etc.)
4 Reflective Clothing (Jacket, Backpack, etc.)

5 Lighting
6 Other
7 N/A
8 Unknown

**2nd**

---

### Alchohol and/or Drug Testing

**Driver Vehicle #1**                          **Driver Vehicle #2**

**Chemical Test**

| | Alcohol | Drug | | Alcohol | Drug |
|---|---|---|---|---|---|
| None Given | ☑ | ☑ | | ☐ | ☑ |
| Test Refused | ☐ | ☐ | | ☐ | ☐ |
| Unknown if Tested | | ☐ | | | |
| Blood | ☐ | ☐ | | ☐ | ☐ |
| Urine | ☐ | ☐ | | ☐ | ☐ |
| Serum | ☐ | ☐ | | ☐ | ☐ |
| Other | ☐ | ☐ | | ☐ | ☐ |
| Breath | ☐ | ☐ | | ☐ | |

**Driver Vehicle #1**                          **Driver Vehicle #2**

**Alcohol Test Result**

BAC

| | Driver Vehicle #1 | Driver Vehicle #2 |
|---|---|---|
| Pending | ☐ | ☐ |
| Unknown | ☐ | ☐ |

**Driver Vehicle #1**                          **Driver Vehicle #2**

**Drug Test Result**

| | Driver Vehicle #1 | Driver Vehicle #2 |
|---|---|---|
| Positive | ☐ | ☐ |
| Negative | ☐ | ☐ |
| Awaiting Test Result | ☐ | ☐ |

O-6                    9/11/2019 7:49:45 AM   PAGE   9/010   Fax Server

Case 1:21-cv-00193-JJM-LDA   Document 21-3   Filed 06/14/23   Page 53 of 122 PageID
TRV,GM 19253150 0 53650 0 0 0 0 0 ,0 9/10/20 19,ECN 1925315000786   #: 278

| Report Number | **STATE OF RHODE ISLAND UNIFORM CRASH REPORT** |
| 18RIX4-3304-AC | *Narrative/Diagram Supplemental* |

(1)    Vehicle #1 and Vehicle #2 were travelling in sequential order in the third lane of travel from the right on Route 95 North, in the City of Providence. At a point approximately 100 feet south of the Route 195 west overpass, Vehicle #1 slowed for traffic. Vehicle #2 did not slow in time, as a result, the front bumper of Vehicle #2 struck the rear bumper of Vehicle #1. The operator and passenger of Vehicle #1 were transported to Rhode Island Hospital with non life threatening injuries.

# EXHIBIT E



STATE EMPLOYEES WORKERS' COMPENSATION
One Capital Hill
Providence, RI 02908

**24 HOUR NOTICE OF INCIDENT/INJURY**
(To be Completed by Supervisor)

Employee's First and Last Name: Cynthia Roberge     Phone #: 954-6874

Employee's Occupation/Job Title: Child Protective Investigator

Agency: DCYF CPS                          Payroll Account #:

Injury Date: 10/18/18                      Incapacity Date: 10-23-18

Time of Injury: 2:55 AM or (PM)           Return to Work Date:

Location of Incident (e.g., kitchen in Regan):
Circle **Primary** Body Part Injured:    ankles   arms  (back)  elbows   feet   hands  (head/neck)
                                         hips   knees   legs  (shoulders)  torso/groin   wrists

Description of Incident: Driving from investigation in N. Kingstown to another investigation in Pawtucket in personal vehicle. At 95/195 split on 95 North, traffic came to a complete stop. I stopped. The driver behind me hit me - Rear-ended hard at around 50mph.

Date Department Notified: 10/18/18

Supervisor's Comments: Sup filed unusual Incident Report. On 10-18-18 at approx 3pm CPI Cynthia Roberge called me to report she and a CPI in training were involved in a car accident on 95N. (Rear-Ended) Advised both to go to ER.

Doctor/Clinic/Treatment Center Employee Went To: Miriam Hospital ER

Doctor/Clinic/Treatment Center's Phone #:

Name of Witness: Dylan Vaillancourt  Witness's Phone #: 774-331-1223
passenger/coworker

Supervisor's Name (Please Print): Erin Marsella

Supervisor's Signature: Erin a Marsella

Supervisor's Office Phone #:                Today's Date: 10-29-18

In order to expedite processing claims please fax this form promptly to 462-6202. If you have any questions please call Nancy Morgan at 462-6203 or Christine Lapham at 462-0753.

Rev. 7/2010

State of Rhode Island and Providence Plantations
Office of Health and Human Services

OHHS IRF NO.
INJURY/ILLNESS REPORT FORM

## Employee's Section

| ESH- Cran | ZAM | RICLAS | DHS | DEA | DCYF ☒ | DOH | OHHS | Assigned Bldg |
|---|---|---|---|---|---|---|---|---|

Last Name: ROBERGE    First Name: CYNTHIA    Middle Initial: A.

Home Address (*Not P.O. Address*) and Phone Number    Social Security #: 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

Street: 2 PALM BLVD.    Job Title: CPI

City: WARWICK    Assigned Shift: 1st (2nd) 3rd Other

State: RI    Zip: 02888    Phone #: 954-6874    Date of Birth: 11-17-65    Sex: M (F)

Date of Incident 10-18-18    Time of Incident: 2:55 AM or (PM)    Shift when incident occurred: 2nd

Preferred Language ☒ English    Spanish    Portuguese or *Other*:

Work area and building where incident occurred (e.g., kitchen in Regan): IN CAR on 95 N In PROVIDENCE

How many hours *in a row* had you been working *just prior* to the incident? 4

Do you have supplemental employment? Yes or (No)

Circle the affected body part(s) at time of injury:

Describe *how* the injury occurred (e.g., lifting patient, etc.):
DRIVING FROM investigation to a second investigation in personal vehicle when I was rear-ended while stopped on 95 N in front of the Hospitals in Providence. Driver hit me at high-speed.

Describe *nature* of your injury (e.g., bite, sprain, burn, etc.):
left shoulder pain, headache, neck pain & back pain

Did you report this incident to your supervisor? (Yes) or No
If yes, name of person: Erin Marsella
If yes, title of person: CPS Supervisore

| Number the affected body part(s) *in order of relevance*: | | | | |
|---|---|---|---|---|
| a.__ Ankles | f.__ Hands | j.__ Legs | | |
| b.__ Arms | g. 1 Head/Neck | k. 2 Shoulders | | |
| c. 3 Back | h.__ Hips | l.__ Torso/Groin | | |
| d.__ Elbows | i.__ Knees | m.__ Wrists | | |
| e.__ Feet | | | | |

Did anyone witness this incident? (Yes) or No
If yes, name(s) of witness(es): Dylan Valliancourt

Employee's Signature: Cynthia Roberge
Today's Date: 10/29/18

## Supervisor's Section

Provide a detailed description of what *you* understand to have happened (include date and time of notification):
On 10·18·18 at approx 3pm CPI Cynthia Roberge contacted me to report she and CPI in training were involved in a car accident on 95 N. They were rear-ended in high speed lane. State Police / Rescue responding. Cynthia was driving

Was the employee sent to a clinic/treatment center? (Yes) or No   If yes, where? Cynthia Roberge: MIRIAM Hosp ER

| Number incident/injury cause(s) *in order of relevance*: | | | | | | |
|---|---|---|---|---|---|---|
| 1.__ Bodily Motion | 4.__ Contact | 7.__ Patient/Inmate Assault | 10.__ Miscellaneous | | | |
| 2.__ Patient/Inmate Handling | 5.__ Slip/Fall | 8.__ Caught | 11.__ Aggravation of Pre-Exist. Cond. | | | |
| 3.__ Object Handling | 6.__ Exposure to Illness/Infection | 9. X Collision | 12.__ Recurrence | | | |

Check off *single*, most applicable description of the injury's nature:

| 1.__ Strain/Pull | 4. X Pain/Numbness/Tingling | 7.__ Exposure-Bodily Fluids | 10.__ Inflammation/Tendonitis |
|---|---|---|---|
| 2.__ Strain/Twist | 5.__ Needle Stick (neck) | 8.__ Exposure-Environmental | 11.__ Laceration/Cut |
| 3.__ Bruise/Contusion | 6.__ Bite | 9.__ Burns | 12.__ Fractures/Broken Bones |

Supervisor's Name (*Print*): ERIN MARSELLA    Title: Supervisor    CPS

Supervisor's Signature: Erin R Marsella    Date: 10/29/18    Phone #: 528-3462

OHHS WC-IRF    Please Print in Black Ink. Be Sure To Provide All Requested Information.    Rev. 10/2008

**Re: Unusual Incident Report**
   **: CPI Cynthia Roberge and CPI Dylan Vailancourt**

Date of Incident: Thursday October 18th, 2018

At 3pm I received a call from CPI Cynthia Roberge who reported that she was involved in a car accident on 95 North heading to Pawtucket. She was in the high speed lane close to the merge of 195. At that point traffic slowed down significantly. She almost hit the car in front of her because traffic almost came to a complete halt, however the vehicle behind was unaware and kept going at a high speed and hit Cindy's vehicle. The air bag light went on but it did not deploy.

Cindy had a new worker shadowing her and they were en-route to a 3pm scheduled home visit in Pawtucket. The new worker's name is Dylan Vailancourt. Cindy added that state police were on the scene and she was calling me from the high speed lane while waiting for her car to be towed as well as a rescue to transport them both to the ER. She reported that both she and Dylan are experiencing neck pain however her pain seems to be worse than Dylan because Dylan expressed a desire not to receive medical attention. I informed him that it was necessary and he agreed.

At 4:50pm Cindy sent me a text that Dylan went via rescue to RI Hospital ER and she was transported to Miriam ER

Cindy usually takes her a state vehicle however she said none were available so they took her own car.

Completed by Supervisor Erin Marsella.

*Erin A. Marsella*

# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CYNTHIA A. ROBERGE,    :
   *Plaintiff*    :
       :
       :
V.    :   C.A. No. 1:21-cv-00193
       :
TRAVELERS PROPERTY CASUALTY COMPANY   :
OF AMERICA    :
   *Defendant*    :

## PLAINTIFF, CYNTHIA A. ROBERGE'S ANSWERS TO DEFENDANT, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S FIRST SET OF INTERROGATORIES

**Interrogatory No. 1**
Please identify yourself by stating your full name (including any former names), date of birth, social security number, marital status, and residential addresses from 10 years prior to the October 18, 2018 to present, identifying the address and the time period at each residence.

**ANSWER**
Cynthia A. Roberge; 11/17/1965; Objection. Plaintiff objects to providing her social security number as disclosure of such information is irrelevant and unduly invasive to the privacy rights of plaintiff. I currently live at 2 Palm Boulevard, Warwick, RI 02888. The following are my previous residential addresses:
May 2018 to Present – 2 Palm Boulevard, Warwick, RI 02888
May 2011 to May 2018 – 166 Valley Street, #6M224, Providence, RI 02909
July 2008 to May 2011 – 253 Broadway, #1, Providence, RI 02903

**Interrogatory No. 2**
Identify all persons, including any of your legal representatives, who have knowledge of any facts you claim support the allegations made against Travelers in this lawsuit, and provide a summary of the facts known or believed to be known by each person that is not privileged.

**ANSWER**
Attorney Wayne G. Resmini, Attorney William T. Purdue, my treating physicians, claims handlers at Travelers Property Casualty Company of America, claims handlers at the State of Rhode Island for workmen's compensation, claims handlers at The Beacon Mutual Insurance Company, and my supervisor, Erin Marsella.

**Interrogatory No. 3**
Identify all written communications between you and Travelers concerning the Claim and/or Incident.

**ANSWER**

Objection. Overly broad and irrelevant. Travelers' denial of coverage concedes that the plaintiff was in the course and scope of her employment and operated her own personal vehicle at the time of the accident. Travelers cannot now attempt to argue that the plaintiff was not in the scope of her own employment or otherwise not authorized to use her personal auto at the time of the accident. Travelers must be held to the reasons given in its denial coverage letter and is barred from introducing into evidence or arguing any grounds that do not appear in its denial letter. *See* generally *Optical Works and Logistcs, LLC v. Sentinel Insurance Company*, C.A. No. 15-163-JJM-LDA (D.R.I., J. McConnell, Jr. 2021). Without waiving said objection, there would have been numerous correspondence between my attorney and Travelers. A letter of representation was sent to Travelers on August 21, 2019.

**Interrogatory No. 4**

Identify all written communications between you and the State of Rhode Island concerning the Claim and/or Incident.

**ANSWER**

Objection. Overly broad and irrelevant. Travelers' denial of coverage concedes that the plaintiff was in the course and scope of her employment and operated her own personal vehicle at the time of the accident. Travelers cannot now attempt to argue that the plaintiff was not in the scope of her own employment or otherwise not authorized to use her personal auto at the time of the accident. Travelers must be held to the reasons given in its denial coverage letter and is barred from introducing into evidence or arguing any grounds that do not appear in its denial letter. *See* generally *Optical Works and Logistcs, LLC v. Sentinel Insurance Company*, C.A. No. 15-163-JJM-LDA (D.R.I., J. McConnell, Jr. 2021). Without waiving said objection, there would have been numerous correspondence between my attorney and the State of Rhode Island's attorney in connection with my worker's compensation claim. I reported the accident to my supervisor, Erin Marsella, when the accident occurred. A twenty-four-hour notice of incident/injury report was prepared on October 29, 2018. Additionally, upon information and belief, Erin Marsella prepared an incident log on or about October 18, 2018 at 3:00 p.m.

**Interrogatory No. 5**

Describe in detail all verbal communications between and/or among you and the State of Rhode Island concerning the Claim, Incident or Policy, including in your answer the dates and form of the communications, the names of all persons present during those communications, and the subject matter of those communications and summarize the substance of such communications.

**ANSWER**

Objection. Overly broad and irrelevant. Travelers' denial of coverage concedes that the plaintiff was in the course and scope of her employment and operated her own personal vehicle at the time of the accident. Travelers cannot now attempt to argue that the plaintiff was not in the scope of her own employment or otherwise not authorized to use her personal auto at the time of the accident. Travelers must be held to the reasons given in its denial coverage letter and is barred from introducing into evidence or arguing any grounds that do not appear in its denial letter. *See* generally *Optical Works and Logistcs, LLC v. Sentinel Insurance Company*, C.A. No. 15-163-JJM-LDA (D.R.I., J. McConnell, Jr. 2021). Without waiving said objection, on or about October 18,

2018, after this accident, I contacted my supervisor, Erin Marsella, to advise that I was involved in a car accident on 95 North heading to Pawtucket. I advised that I was on route to a 3:00 p.m. scheduled home visit in Pawtucket and advised of my injuries and that the accident involved my own personal vehicle given a state vehicle was not available for my use. I also advised that Dylan Vailancourt, a new worker, was in the vehicle with me at the time of the incident.

**Interrogatory No. 6**
Please state the date(s) on which you worked for the State of Rhode Island in October 2018.

**ANSWER**
Objection. Overly broad and irrelevant. Without waiving said objection, the plaintiff states: As a result of the accident, I was out of work from October 23, 2018 to the present.

**Interrogatory No. 7**
Please describe your employment with the State of Rhode Island at the time of the Incident including your title or position, your duties, the department or agency by whom you were employed and the length of time that you were employed in that position, department and/or agency.

**ANSWER**
At the time of the accident, I was a Child Protective Investigator for the Rhode Island Department of Children, Youth, and Families (DCYF). My duties included the following:
1. Completing investigations which were initiated from calls to the Childhelp National Child Abuse Hotline. These investigations included field work and interviews throughout the State of Rhode Island;
2. Providing detailed written investigative findings to the Rhode Island DCYF, Rhode Island Family Court, and other required agencies, such as law enforcement;
3. Providing testimonies to the Family, Domestic, and Criminal Courts;
4. Identifying and completing referrals for at-risk families where appropriate; and
5. Initiating the proper protocols for children at imminent risk of harm and safety, such as initiating a 48-to-72-hour hold.

**Interrogatory No. 8**
On the date of the Incident, did the State of Rhode Island instruct you to use your personable automobile to perform your employment obligations? If so, please identify the following:
a.    The identity of the State of Rhode Island employee who instructed you to use your personable automobile on the date of the Incident; and
b.    The manner of communication; and
c.    The identify of any documents exchanged between you and the State of Rhode Island.

**ANSWER**
On October 18, 2018, I was assigned an investigation and asked, by a superior, to have a new coworker shadow me. I then went to the area where the CPS State vehicles were located, but I found that all of said vehicles were already in use by other investigators. As there were not enough vehicles for every investigator to use, I used my own vehicle. It is the customary procedure to use

your own vehicle if there are no state vehicles available. We do not have to sign anything or inform anyone when doing so.

**Interrogatory No. 9**
On the date of the Incident, did the State of Rhode Island set your hours, and direct and control the performance of your employment obligations?

**ANSWER**
Yes.

**Interrogatory No. 10**
Identify all persons to whom you reported to with the State of Rhode Island regarding your employment during the month of October 2018.

**ANSWER**
Objection. Overly broad and irrelevant. Travelers' denial of coverage concedes that the plaintiff was in the course and scope of her employment and operated her own personal vehicle at the time of the accident. Travelers cannot now attempt to argue that the plaintiff was not in the scope of her own employment or otherwise not authorized to use her personal auto at the time of the accident. Travelers must be held to the reasons given in its denial coverage letter and is barred from introducing into evidence or arguing any grounds that do not appear in its denial letter. *See generally Optical Works and Logistcs, LLC v. Sentinel Insurance Company*, C.A. No. 15-163-JJM-LDA (D.R.I., J. McConnell, Jr. 2021). Without waiving said objection, there would have been numerous correspondence between my attorney and the State of Rhode Island's attorney in connection with my worker's compensation claim. I reported the accident to my supervisor, Erin Marsella, when the accident occurred. A twenty-four-hour notice of incident/injury report was prepared on October 29, 2018. Additionally, upon information and belief, Erin Marsella prepared an incident log on or about October 18, 2018 at 3:00 p.m.

**Interrogatory No. 11**
If you have asserted a claim (including workmen's compensation) for medical or other benefits arising out of the Incident against anyone or with any insurance carrier, please state the date each such claim was asserted, the name and address of each entity or person against whom such claim was made, the disposition or present status of each such claim, and the insurer's name and claim number for each such claim.

**ANSWER**
I maintained a worker's compensation claim with the State of Rhode Island. The claim was accepted and I received worker's compensation benefits. I also made a claim against the tortfeasor's insurer American Commerce Insurance Company. With the consent of Travelers, that claim was settled for the tortfeasor's liability limits of $25,000. I have also made a claim against my personal auto carrier for underinsured motorist coverage. The carrier is USAA. USAA's claim number is 344701053.

**Interrogatory No. 12**
Please identify your personal automobile insurance carrier at the time of the Incident to include
the policy number, limits of coverage, applicable policy period, and the insurance agency used to
obtain your personal automobile insurance policy, if applicable.

**ANSWER**
My personal auto carrier is USAA. USAA's claim number is 344701053. The limit of coverage is
$100,000.00, and the applicable policy period was from June 5, 2018 through November 1, 2018.

**Interrogatory No. 13**
State the basis for the allegation contained in paragraph 5 of the Complaint that "[alt the time of
the accident, plaintiff's auto was a covered auto for liability purposes."

**ANSWER**
At the time of the accident, I was authorized to use my own personal motor vehicle in the course
of my employment with the State of Rhode Island given the unavailability of a state motor vehicle
for my use. I was involved in a motor vehicle accident with a co-employee as a passenger when
my motor vehicle was struck by the tortfeasor's vehicle. The defendant's Commercial Auto Policy
issued to the State of Rhode Island contained a Business Auto Extension Endorsement CA T8 53
02 15. That endorsement amended the definition of "Who Is An Insured," Section II – Covered
Autos Liability Coverage to include that any employee of the State of Rhode Island is an insured
while using a covered "auto" the State of Rhode Island did not own, hire or borrow in the State of
Rhode Island's business or personal affairs. Given, I was using my personal auto (a vehicle not
owned, hired or borrowed by the State of Rhode Island) in the course of my employment, I qualify
as an insured for liability coverage pursuant to the endorsement because I was using my personal
vehicle in the course and scope of my employment.

**Interrogatory No. 14**
State the basis for the allegation contained in paragraph 7 of the Complaint that "Travelers' policy
impermissibly attempts to restrict underinsured coverage to only vehicles with a Symbol 2 or
'owned autos' only in violation of Rhode Island Law."

**ANSWER**
As noted in Interrogatory #13, surpra, Travelers' policy provided liability coverage to me and my
personal automobile while using it in the scope of my employment pursuant to the Business Auto
Extension Endorsement as set forth above. Pursuant to the Rhode Island uninsured motorist statute
§ 27-7-2.1, any policy that provides liability coverage must also provide uninsured/underinsured
motorist coverage. As shown in Answer to Interrogatory #13, Travelers' policy provided liability
coverage for the operation of my personal vehicle in the scope of my employment and as such
under Rhode Island law Travelers must also provide uninsured/underinsured motorist coverage
consistent with Rhode Island Gen. Laws 27-7-2.1(a). Given that Travelers has denied underinsured
coverage to me, it has impermissibly attempted to restrict underinsured coverage only to vehicles
in which the State of Rhode Island owns in violation of the uninsured motorist statute. The
uninsured motorist statute requires underinsured coverage to be available to any vehicle in which
liability coverage is offered and not only just owned autos. Additionally, pursuant to Rhode Island
Supreme Court case law, Travelers must provide coverage to me as a named insured if I suffered

underinsured motorist damages while I was in the scope of my employment. *See* generally *Martinelli v. Travelers*, 687 A.2d 443, 447 (R.I. 1996).

**Interrogatory No. 15**
State the basis for the allegation contained in paragraph 10 of the Complaint that "the plaintiff is entitled to underinsured motorist coverage in the amount of liability limits for $1,000,000.00."

**ANSWER**
Initially, upon information and belief, Travelers failed to offer uninsured/underinsured motorist coverage in the amount of the liability limits of $1,000,000.00 when the Travelers insurance policy in effect at the time of the incident was renewed. As such, under Rhode Island law, the uninsured/underinsured motorist coverage must be reformed to the liability limits of $1,000,000.00. Additionally, as a named insured pursuant to Martinelli v. Travelers, 687 A.2d 443, 447 (R.I. 1996), to the extent the policy did not otherwise provide coverage as required by Rhode Island case law, the policy must be reformed to provide coverage to me as a named insured in the amount of liability limits of $1,000,000.00.

**Interrogatory No. 16**
Please state the basis that Travelers is contractually obligated to you under the Policy as it relates to the Claim and/or Incident.

**ANSWER**
See Answers to Interrogatory Nos. 13 through 15, supra.

Respectfully Submitted, Plaintiff,
Cynthia A. Roberge,
By her Attorney,
*/s/ Wayne G. Resmini*
Wayne G. Resmini, Esq. (6373)
Resmini Law LLC
1022 Reservoir Ave
Cranston, RI  02910
401-751-6655
waynegresmini@msn.com

## CERTIFICATE OF SERVICE

I, Wayne G. Resmini, hereby certify that on this 8th day of September, 2021, I filed a copy of the above document via the ECF System with notice to the following counsel of record:

William T. Purdue, Esquire
Morrison Mahoney
10 Weybosset Street, Suite 900
Providence, RI 02903
wpurdue@morrisonmahoney.com

*/s/ Wayne G. Resmini*
Wayne G. Resmini, Esq.

_____
Cynthia Roberge


Subscribed and sworn to me on this _____8th_____ day of _September, 2021_.


_____
Notary Public
My Commission Expires: July 24, 2022
ID#: 762844


As to objections:


_____
Wayne G. Resmini, Esq. #6373
Resmini Law, LLC
1022 Reservoir Avenue
Cranston, RI 02910
Tel: (401) 751-6655
Fax: (401) 751-6282
waynegresmini@msn.com

BREILYN EDUARDO
Notary Public - State Of Rhode Island
My Commission Expires
July 24, 2022

BREILYN EDUARDO
NOTARY
PUBLIC
STATE OF RHODE ISLAND

# EXHIBIT G

STATE OF TEXAS

Before me, the undersigned notary public for the State of Texas, on this day personally appeared Mary Ann Rice, Manager Operations Support and custodian of records of USAA Casualty Insurance Company, and after being by me duly sworn and upon her oath says that an exact duplicate of the USAA Casualty Insurance Company, 03447 01 05C 7101 7, including any applicable endorsements and forms, issued to CYNTHIA A ROBERGE, effective on October 18, 2018, has been prepared under her direction and is attached hereto.


_____
Mary Ann Rice,
Manager Operations Support


Subscribed and sworn to before me by said Mary Ann Rice, Manager Operations Support, this _____ day of January, 2019 at San Antonio, Texas, to certify which witness my hand and seal at office.


DIANA G ARREDONDO
Notary ID # 129085149
My Commission Expires
August 10, 2020

_____
Diana G Arredondo
Notary Public
State of Texas
My commission expires on August 10, 2020

**USAA CASUALTY INSURANCE COMPANY**

ADDL INFO ON NEXT PAGE    MAIL MCH-M-I
AMENDMENT TO

(A Stock Insurance Company)
9800 Fredericksburg Road · San Antonio, Texas 78288

RHODE ISLAND AUTO POLICY
AMENDED DECLARATIONS
(ATTACH TO PREVIOUS POLICY)

| State | 01 | | | Veh | | POLICY NUMBER |
|---|---|---|---|---|---|---|
| RI | 200 | | | Terr | | 03447 01 05C 7101 7 |

POLICY PERIOD:    (12:01 A.M. standard time)
**EFFECTIVE JUN 05 2018 TO NOV 01 2018**

OPERATORS
01 CYNTHIA A ROBERGE

**Named Insured and Address**

CYNTHIA A ROBERGE
2 PALM BLVD
WARWICK RI 02888-1813

**Description of Vehicle(s)**

| VEH | YEAR | TRADE NAME | MODEL | BODY TYPE | ANNUAL MILEAGE | IDENTIFICATION NUMBER | SYM | VEH USE* | WORK/SCHOOL Miles One Way | Days Per Week |
|---|---|---|---|---|---|---|---|---|---|---|
| 01 | 07 | TOYOTA | CAMRY | 4 DOOR | 8000 | 4T1BE46K37U035625 | | P | | |

The Vehicle(s) described herein is principally garaged at the above address unless otherwise stated. * W/C=Work/School, B=Business; F=Farm;P=Pleasure
VEH 01   WARWICK RI 02888-1813

**This policy provides ONLY those coverages where a premium is shown below. The limits shown may be reduced by policy provisions and may not be combined regardless of the number of vehicles for which a premium is listed unless specifically authorized elsewhere in this policy.**

| COVERAGES ("ACV" MEANS ACTUAL CASH VALUE) | LIMITS OF LIABILITY | VEH 01 6-MONTH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ |
|---|---|---|---|---|---|---|---|---|---|
| PART A - LIABILITY | | | | | | | | | |
| BODILY INJURY   EA PER $ | 100,000 | | | | | | | | |
| EA ACC $ | 300,000 | | | | | | | | |
| PROPERTY DAMAGE EA ACC $ | 100,000 | | | | | | | | |
| PART B - MEDICAL PAYMENTS | | | | | | | | | |
| EA PER $ | 10,000 | | | | | | | | |
| EXTENDED BENEFITS | | | | | | | | | |
| WAGE EARNER DISAB $2,000 PER 30-DAY PERIOD | | | | | | | | | |
| ESSENTIAL SVCS DISAB $45 WK | | | | | | | | | |
| PART C - UNINSURED MOTORISTS | | | | | | | | | |
| BODILY INJURY   EA PER $ | 100,000 | | | | | | | | |
| EA ACC $ | 300,000 | | | | | | | | |
| PROPERTY DAMAGE EA ACC $ | 100,000 | D 200 | | | | | | | |
| PART D - PHYSICAL DAMAGE COVERAGE | | | | | | | | | |
| COMPREHENSIVE LOSS   ACV LESS | | D 500 | | | | | | | |
| COLLISION LOSS   ACV LESS | | D 500 | | | | | | | |
| RENTAL REIMBURSEMENT | | | | | | | | | |
| MULTIPASSENGER/TRUCK CLASS | | | | | | | | | |
| SELECTED VEHICLE FEATURES (LISTED ON THE FEATURES DECLARATION) | | | | | | | | | |

TOTAL PREMIUM - SEE FOLLOWING PAGE(S)

ENDORSEMENTS: ADDED 06-05-18 - NONE
REMAIN IN EFFECT(REFER TO PREVIOUS POLICY)- ACCFOR(01)   A402(02)   5100RI(02)
INFORMATION FORMS:   23640(03)   999RI(25)
I4
01 RSF5200000

In WITNESS WHEREOF, we have caused this policy to be signed by our President and Secretary at San Antonio, Texas,
on this date    JUNE 4, 2018

Deneen Donnley, Secretary   S. Wayne Peacock, President

5000 C 05-12
53383-05-12

**USAA CASUALTY INSURANCE COMPANY**

(A Stock Insurance Company)
9800 Fredericksburg Road - San Antonio, Texas 78288

RHODE ISLAND AUTO POLICY
AMENDED DECLARATIONS
(ATTACH TO PREVIOUS POLICY)

| State | | | | | Veh | | POLICY NUMBER |
|---|---|---|---|---|---|---|---|
| RI | | | | | Terr | | 03447 01 05C 7101 7 |

POLICY PERIOD: (12:01 A.M. standard time)
**EFFECTIVE JUN 05 2018 TO NOV 01 2018**

**Named Insured and Address**

CYNTHIA A ROBERGE
2 PALM BLVD
WARWICK RI 02888-1813

## Description of Vehicle(s)

| VEH | YEAR | TRADE NAME | MODEL | BODY TYPE | ANNUAL MILEAGE | IDENTIFICATION NUMBER | SYM | VEH USE * WORK/SCHOOL Miles One Way | Days Per Week |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

The Vehicle(s) described herein is principally garaged at the above address unless otherwise stated. * W/C=Work/School; B=Business; F=Farm; P=Pleasure

**This policy provides ONLY those coverages where a premium is shown below. The limits shown may be reduced by policy provisions and may not be combined regardless of the number of vehicles for which a premium is listed unless specifically authorized elsewhere in this policy.**

| COVERAGES ("ACV" MEANS ACTUAL CASH VALUE) LIMITS OF LIABILITY | VEH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ |
|---|---|---|---|---|---|---|---|---|
| VEHICLE TOTAL PREMIUM | | | | | | | | |

```
--------------------------------ADJUSTMENT REASON----------------------------
CHANGE IN ANNUAL MILEAGE VEH 01    CHANGE IN LOCATION VEH 01
ONE OR MORE VEHICLE FEATURES HAS CHANGED - SEE THE FEATURES DECLARATION VEH 01

        REVISED 6 MONTH PREMIUM...$      6 MONTH DECREASE...$
   PREMIUM DUE AT INCEPTION. THIS IS NOT A BILL, STATEMENT TO FOLLOW.

   $      IS INCLUDED IN YOUR PRO-RATED PREMIUM FOR ACCIDENT FORGIVENESS.
THE FOLLOWING COVERAGE(S) DEFINED IN THIS POLICY ARE NOT PROVIDED FOR:
   VEH 01 - TOWING AND LABOR
```

In WITNESS WHEREOF, we have caused this policy to be signed by our President and Secretary at San Antonio, Texas, on this date JUNE 4, 2018

Deneen Donnley, Secretary    S. Wayne Peacock, President

5000 C 05-12
53383-05-12

# EXHIBIT H

 

**Katelyn Bennett**
*Claim Professional, Auto*

P.O. Box 430
Buffalo NY 14240

508.946.6534 TEL
877.786.5584 FAX

September 19, 2019

Resmini Law LLC
Attn: Attorney Wayne Resmini
1022 Reservoir Avenue                    **Sent Via Certified Mail- Return Receipt Requested**
Cranston RI 02910

RE:    Policyholder:        State of Rhode Island
       Policy Number:       TC2JCAP-177D8592
       Effective Dates:     02/01/18-02/01/19
       Your Client:         Cynthia Roberge
       Our Claim:           FEZ4438
       Date of Loss:        10/18/18

Dear Attorney Resmini:

This will acknowledge our receipt of the captioned matter, in which you are seeking coverage under the Rhode Island Automobile Insurance Policy referenced above (hereinafter referred to as "the policy") underwritten by Travelers Property Casualty Company of America (hereinafter referred to as "Travelers").

This "declination of coverage" letter acknowledges receipt of the claim, and is intended to advise you of the determination of Travelers as to whether the policy will respond to this matter. After consideration of the information presented to us, we have determined that there is no coverage afforded under the policy for the claim submitted by your client. The reasons for this decision are set forth more fully below.

It is our understanding that, at the time of the accident in question, Cynthia Roberge was in the course and scope of employment and operating her own personal vehicle, a 2007 Toyota Camry. You are seeking underinsured motorist bodily injury coverage for injuries your client allegedly sustained from this accident.

At this time, we refer you to the policy, which states in relevant part as follows:

| COVERAGE | COVERED AUTO SYMBOL | LIMITS OF INSURANCE |
|---|---|---|
| UNINSURED AND UNDERINSURED MOTORISTS COVERAGE | 2 | SEE CA TO 30 |

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 2 | Owned "Autos" Only | Only those "autos" you own (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |

# RHODE ISLAND UNINSURED MOTORISTS COVERAGE BODILY INJURY

## B. Who Is An Insured

If the Named Insured is designated in the Declarations as:

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". Any "auto" that is owned by the Named Insured is not a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

Page 3

Based on the policy's covered auto designation for uninsured/underinsured motorist bodily injury coverage, the coverage is afforded to only "autos" owned by the State of Rhode Island. As Cynthia Roberge was operating her own motor vehicle at the time of the loss, and not a vehicle owned by the State of Rhode Island, underinsured motorist coverage would not be available to your client.

This letter does not, and is not intended to, waive any of the rights Travelers may have under the terms of the insurance policy or at law. This letter is not intended to be an exhaustive statement of all exclusions and/or conditions which may be applicable. All rights which Travelers may have under the terms of the insurance policy and at law are specifically reserved. We expressly do not waive our right to deny coverage for any other valid reason.

If you have any further information that you feel would be relevant to our coverage determination, please forward that information to the undersigned for consideration.

We will be available to you to discuss the position we have taken. Should you, however, wish to contact the Rhode Island Department of Business Regulation, you may do so at the address listed below. In certain limited circumstances the Department may have jurisdiction pursuant to R.I. Gen. Laws § 27-9.1-6 andPage 7 of 12 Reg. # 73 therefore, you may be able to have the matter reviewed by the Department. The Department of Business Regulation does not have authority to settle or arbitrate claims, determine liability or order an Insurer to pay a claim.

> Rhode Island Department of Business Regulation Insurance Division
> 233 Richmond Street,
> Providence, Rhode Island 02903.

The Rhode Island Department of Business Regulation, Insurance Division can be contacted by telephone at (401) 222-2223.

Sincerely,

Katelyn Bennett
Travelers Property Casualty Company of America



**Katelyn Bennett**
*Claim Professional, Auto*
P.O. Box 430
Buffalo NY 14240

508.946.6534 TEL
877.786.5584 FAX

December 20, 2019

Resmini Law LLC
Attn: Attorney Wayne Resmini
1022 Reservoir Avenue                        **Sent Via Certified Mail- Return Receipt Requested**
Cranston, RI 02910

RE:    Policyholder:       State of Rhode Island
       Policy Number:     TC2JCAP-177D8592
       Effective Dates:    02/01/18-02/01/19
       Your Client:        Cynthia A. Roberge
       Our Claim:          FEZ4438
       Date of Loss:       10/18/18

Dear Attorney Resmini:

We are in receipt of your letter dated December 2, 2019 and received in this office on December 5, 2019 in which you requested permission to settle your client's bodily injury claim and a certified copy of the policy for State of Rhode Island. You stated that you disagreed with the coverage position taken and indicated that it is your belief that your client is entitled to underinsured motorist bodily injury coverage under this policy.

At your request a certified copy of the policy is enclosed with this letter for your review.

With regard to your client's bodily injury claim, we confirm that you have permission to settle the third-party liability claim against Edda Fortez with American Commerce Insurance Company. We do not waive any of the rights we may have under the term of the insurance policy or at law.  This includes any of our policy defenses for this claim.

The most recent communication you sent stated that you did not see anything in the policy that would not allow your client to file a claim with Travelers. As a result of this we would like to take this time to further explain the coverage denial.  This correspondence will supplement the previous coverage denial dated September 19, 2019.

This "declination of coverage" letter acknowledges receipt of the claim, and is intended to advise you of the determination of Travelers as to whether the policy will respond to this matter. After consideration of the information presented to us, we have determined that there is no coverage afforded under the policy for the claim submitted by your client.

Page 2

At the time of the accident in question, Cynthia Roberge was in the course and scope of employment and operating her own personal vehicle, a 2007 Toyota Camry. You are seeking underinsured motorist bodily injury coverage for injuries your client allegedly sustained from this accident.

At this time, we refer you to the policy, which states in relevant part as follows:

**ENDORSEMENT – IL T8 00 02 12**

```
              NAMED INSURED ENDORSEMENT


      IT IS AGREED THAT:


      THE NAMED INSURED IN ITEM 1. OF THE COMMON POLICY
      DECLARATIONS, IL T0 02 11 89, READS AS FOLLOWS:

    STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS AND THEIR DULY APPOINTED
    BOARDS, DEPARTMENTS AND AGENCIES AS MAY CURRENTLY EXIST OR HEREINAFTER BE
    CONSTITUTED. RHODE ISLAND OFFICE OF HIGHER EDUCATION; OFFICE OF POSTSECONDARY
    COMMISSIONER; COMMISSIONER OF POSTSECONDARY EDUCATION; COUNCIL ON ELEMENTARY AND
    SECONDARY EDUCATION; RHODE ISLAND REFUNDING BOND AUTHORITY.
```

Page 3

BUSINESS AUTO
COVERAGE PART DECLARATIONS
Issue Date:  02-16-18  LP

ITEM ONE:                     Policy Number:  TC2J-CAP-177D8592-TIL-18

INSURING COMPANY:
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

Declarations Period:  From:  02-01-18 to 02-01-19 12:01 A.M. Standard
Time at your mailing address shown in the Common Policy Declarations.

The Commercial Automobile Coverage Part consists of these
Declarations and the Business Auto Coverage Form shown below.

FORM OF BUSINESS: CORPORATION

ITEM TWO:
 A. COVERAGE AND LIMITS OF INSURANCE:

     Coverage applies only to those Autos shown as Covered Autos by entry
     of one or more Symbols from SECTION 1 - Covered Auto of the
     BUSINESS AUTO COVERAGE FORM

| COVERAGE | COVERED AUTO SYMBOL | LIMITS OF INSURANCE |
|----------|---------------------|---------------------|
|          |                     | The most we will pay for any one accident or loss. |
| LIABILITY | 1 | $  1,000,000 |
| UNINSURED AND UNDERINSURED MOTORISTS COVERAGE | 2 | SEE CA TO 30 |

Page 4

# RHODE ISLAND UNINSURED MOTORISTS COVERAGE BODILY INJURY

For a covered "auto" licensed or principally garaged in, or "auto dealer operations" conducted in, Rhode Island, this endorsement modifies insurance provided under the following:

> AUTO DEALERS COVERAGE FORM
> BUSINESS AUTO COVERAGE FORM
> MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

### SCHEDULE

| | | |
|---|---|---|
| "Bodily Injury" | $    50,000 | Each "Accident" |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

## B. Who Is An Insured

If the Named Insured is designated in the Declarations as:

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". Any "auto" that is owned by the Named Insured is not a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# BUSINESS AUTO COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V – Definitions**.

**SECTION I – COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

| Symbol | Description Of Covered Auto Designation Symbols | |
|--------|------------------------|--------------|
| **1** | Any "Auto" | |
| **2** | Owned "Autos" Only | Only those "autos" you own (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |

The policy affords uninsured and underinsured motorist coverage bodily injury for owned "autos" only based on **Symbol 2**. The description of **Symbol 2** for owned "autos" states an owned vehicle is a vehicle you own. "You" is described as being the Named Insured shown in the Declarations on the **BUSINESS AUTO COVERAGE FORM**. In this case, the Named Insured reads as *State of Rhode Island and Providence Plantations and Their Duly Appointed Boards, Departments and Agencies as May Currently Exist or Hereinafter Be Constituted. Rhode Island Office of Higher Education; Office of Postsecondary Commissioner; Commissioner of Postsecondary Education; Council on Elementary and Secondary Education; Rhode Island Refunding Bond Authority.* Cynthia Roberge is not the "you" and "your" as described on the policy. Furthermore, she was operating her own motor vehicle at the time of the loss and not a vehicle owned by the Named Insured. Based on this our position remains that coverage would not be available to your client.

This letter does not, and is not intended to, waive any of the rights Travelers may have under the terms of the insurance policy or at law. This letter is not intended to be an exhaustive statement of all exclusions and/or conditions which may be applicable. All rights which Travelers may have under the terms of the insurance policy and at law are specifically reserved. We expressly do not waive our right to deny coverage for any other valid reason.

Page 6

If you have any further information that you feel would be relevant to our coverage determination, please forward that information to the undersigned for consideration.

We will be available to you to discuss the position we have taken. Should you, however, wish to contact the Rhode Island Department of Business Regulation, you may do so at the address listed below. In certain limited circumstances the Department may have jurisdiction pursuant to R.I. Gen. Laws § 27-9.1-6 and Page 7 of 12 Reg. # 73 therefore, you may be able to have the matter reviewed by the Department. The Department of Business Regulation does not have authority to settle or arbitrate claims, determine liability or order an Insurer to pay a claim.

      Rhode Island Department of Business Regulation Insurance Division
      233 Richmond Street,
      Providence, Rhode Island 02903.

The Rhode Island Department of Business Regulation, Insurance Division can be contacted by telephone at (401) 222-2223.

Sincerely,


Katelyn Bennett
Travelers Property Casualty Company of America



**Katelyn Bennett**
*Claim Professional, Auto*
P.O. Box 430
Buffalo NY 14240

508.946.6534 TEL
877.786.5584 FAX

October 2, 2020

Resmini Law LLC
Attn: Attorney Wayne Resmini
1022 Reservoir Avenue
Cranston, RI 02910

RE:    Policyholder:       State of Rhode Island
       Policy Number:      TC2JCAP-177D8592
       Effective Dates:    02/01/18-02/01/19
       Your Client:        Cynthia A. Roberge
       Our Claim:          FEZ4438
       Date of Loss:       10/18/18

Dear Attorney Resmini:

We are in receipt of your letter dated September 14, 2020 and received in this office on September 17, 2020 in which you sated that you disagreed with the coverage position taken and indicated that it is your belief that your client is entitled to underinsured motorist bodily injury coverage under this policy.

The most recent communication you sent stated that your client was using her own personal vehicle because there were no vehicles available for her use. You further state that she is covered under our insured's policy for limits of $50,000 as there was no written rejection of coverage. This correspondence will supplement the previous coverage denials dated September 19, 2019 and December 18, 2019.

This "declination of coverage" letter acknowledges receipt of the claim, and is intended to advise you of the determination of Travelers as to whether the policy will respond to this matter. After consideration of the information presented to us, we have determined that there is no coverage afforded under the policy for the claim submitted by your client.

At the time of the accident in question, Cynthia Roberge was in the course and scope of employment and operating her own personal vehicle, a 2007 Toyota Camry. You are seeking underinsured motorist bodily injury coverage for injuries your client allegedly sustained from this accident.

At this time, we refer you to the policy, which states in relevant part as follows:

Page 2

**ENDORSEMENT – IL T8 00 02 12**

**NAMED INSURED ENDORSEMENT**

**IT IS AGREED THAT:**

**THE NAMED INSURED IN ITEM 1. OF THE COMMON POLICY DECLARATIONS, IL T0 02 11 89, READS AS FOLLOWS:**

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS AND THEIR DULY APPOINTED BOARDS, DEPARTMENTS AND AGENCIES AS MAY CURRENTLY EXIST OR HEREINAFTER BE CONSTITUTED. RHODE ISLAND OFFICE OF HIGHER EDUCATION; OFFICE OF POSTSECONDARY COMMISSIONER; COMMISSIONER OF POSTSECONDARY EDUCATION; COUNCIL ON ELEMENTARY AND SECONDARY EDUCATION; RHODE ISLAND REFUNDING BOND AUTHORITY.**

BUSINESS AUTO
COVERAGE PART DECLARATIONS
Issue Date:  02-16-18  LP

ITEM ONE:                    Policy Number:  TC2J-CAP-177D8592-TIL-18

INSURING COMPANY:
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

Declarations Period:  From:  02-01-18 to 02-01-19 12:01 A.M. Standard
Time at your mailing address shown in the Common Policy Declarations.

The Commercial Automobile Coverage Part consists of these
Declarations and the Business Auto Coverage Form shown below.

FORM OF BUSINESS: CORPORATION

ITEM TWO:
 A. COVERAGE AND LIMITS OF INSURANCE:

    Coverage applies only to those Autos shown as Covered Autos by entry
    of one or more Symbols from SECTION 1 - Covered Auto of the
    BUSINESS AUTO COVERAGE FORM

| COVERAGE | COVERED AUTO SYMBOL | LIMITS OF INSURANCE |
|----------|---------------------|---------------------|
|          |                     | The most we will pay for any one accident or loss. |
| LIABILITY | 1 | $  1,000,000 |
| UNINSURED AND UNDERINSURED MOTORISTS COVERAGE | 2 | SEE CA TO 30 |

# RHODE ISLAND UNINSURED MOTORISTS COVERAGE BODILY INJURY

For a covered "auto" licensed or principally garaged in, or "auto dealer operations" conducted in, Rhode Island, this endorsement modifies insurance provided under the following:

    AUTO DEALERS COVERAGE FORM
    BUSINESS AUTO COVERAGE FORM
    MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

### SCHEDULE

| | | |
|---|---|---|
| "Bodily Injury" | $ 50,000 | Each "Accident" |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

## B. Who Is An Insured

If the Named Insured is designated in the Declarations as:

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

    a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". Any "auto" that is owned by the Named Insured is not a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

    b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# BUSINESS AUTO COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V – Definitions**.

**SECTION I – COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| **1** | Any "Auto" | |
| **2** | Owned "Autos" Only | Only those "autos" you own (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |

The policy affords uninsured and underinsured motorist coverage bodily injury for owned "autos" only based on **Symbol 2**. The description of **Symbol 2** for owned "autos" states an owned vehicle is a vehicle you own. "You" is described as being the Named Insured shown in the Declarations on the **BUSINESS AUTO COVERAGE FORM**. In this case, the Named Insured reads as *State of Rhode Island and Providence Plantations and Their Duly Appointed Boards, Departments and Agencies as May Currently Exist or Hereinafter Be Constituted. Rhode Island Office of Higher Education; Office of Postsecondary Commissioner; Commissioner of Postsecondary Education; Council on Elementary and Secondary Education; Rhode Island Refunding Bond Authority.* Cynthia Roberge is not the "you" and "your" as described on the policy. Furthermore, she was operating her own motor vehicle at the time of the loss and not a vehicle owned by the Named Insured. Based on this our position remains that coverage would not be available to your client.

This letter does not, and is not intended to, waive any of the rights Travelers may have under the terms of the insurance policy or at law. This letter is not intended to be an exhaustive statement of all exclusions and/or conditions which may be applicable. All rights which Travelers may have under the terms of the insurance policy and at law are specifically reserved. We expressly do not waive our right to deny coverage for any other valid reason.

If you have any further information that you feel would be relevant to our coverage determination, please forward that information to the undersigned for consideration.

Page 6

We will be available to you to discuss the position we have taken. Should you, however, wish to contact the Rhode Island Department of Business Regulation, you may do so at the address listed below. In certain limited circumstances the Department may have jurisdiction pursuant to R.I. Gen. Laws § 27-9.1-6 and Page 7 of 12 Reg. # 73 therefore, you may be able to have the matter reviewed by the Department. The Department of Business Regulation does not have authority to settle or arbitrate claims, determine liability or order an Insurer to pay a claim.

      Rhode Island Department of Business Regulation Insurance Division
      233 Richmond Street,
      Providence, Rhode Island 02903.

The Rhode Island Department of Business Regulation, Insurance Division can be contacted by telephone at (401) 222-2223.

Sincerely,

Katelyn Bennett
Travelers Property Casualty Company of America

# EXHIBIT I

```
 1              UNITED STATES DISTRICT COURT

 2            FOR THE DISTRICT OF RHODE ISLAND

 3

 4   CYNTHIA A. ROBERGE,
           Plaintiff,
 5
        vs.                  Civil Action No.: 1:21-CV-00193
 6
     TRAVELERS PROPERTY
 7   CASUALTY COMPANY OF AMERICA
           Defendant.
 8   ~~~~~~~~~~~~~~~~~~~~~~~~~~~~

 9

10

11           WEB CONFERENCE DEPOSITION OF

12             KATELYN ELIZABETH BENNETT

13

14

15                 March 8, 2023

16                  10:05 a.m.

17

18

19                 35 United Drive

20          West Bridgewater, Massachusetts

21

22

23

24

25               Nancy S. Caron, CSR
```



KATELYN E. BENNETT                                      March 08, 2023
CYNTHIA A. ROBERGE vs TRAVELERS PROP                              2

```
 1                    APPEARANCES OF COUNSEL

 2

 3    On Behalf of the Plaintiff, Cynthia Roberge:

 4              Wayne G. Resmini, Esquire
                RESMINI LAW, LLC
 5              1022 Reservoir Avenue
                Cranston, RI  02910
 6              (401) 751-6655
                waynegresmini@msn.com
 7

 8    On Behalf of the Defendant, Travelers Property Casualty
      Company of America:
 9

10              William T. Purdue, Esquire
                MORRISON MAHONEY, LLP
11              250 Summer Street
                Boston, MA  02210-1181
12              (617) 439-7500
                wpurdue@morrisonmahoney.com
13

14

15

16

17

18

19

20

21

22

23

24

25
```



```
 1              INDEX TO EXAMINATION

 2   WITNESS:  KATELYN ELIZABETH BENNETT

 3   EXAMINATION                              PAGE

 4   By Mr. Resmini                           5

 5

 6

 7

 8

 9

10

11

12              INDEX TO EXHIBITS

13
     PLAINTIFF'S DESCRIPTION                  PAGE
14
     Exhibit 1A  Business Auto Coverage Form
15               (12 pages)                   24
     Exhibit 1B  Business Auto Extension
16               Endorsement (4 pages)        24
     Exhibit 1C  R.I. Uninsured Motorists
17               Coverage - Bodily Injury (3 pages) 35
     Exhibit 1D  Letter dated 9/19/2019 with
18               attachments (3 pages)        36
     Exhibit 1E  Letter dated 12/20/2019 with
19               attachments (6 pages)        65
     Exhibit 1F  Document Bates stamped 000458-
20               000456 (9 pages)             65
     Exhibit 1G  Business Auto Coverage Part
21               Declarations (1 page)        65

22   (Exhibits 1A-1G attached to original transcript.)

23

24

25
```



1  not a temporary substitute for a covered auto.  The

2  covered auto must be out of service because of its

3  breakdown, repair, servicing, loss, or destruction."

4  That's how the policy defines the temporary substitute.

5      Q. But you did send me that in part of your denial;

6  correct?

7      A. Yes.

8      Q. Wasn't that sent to my office so that, at that

9  point, that had nothing to do with you denying

10 coverage.  You just denied coverage because she was in

11 her own vehicle, and that temporary substitute, or her

12 vehicle, you know, the State vehicle not being able to

13 be used, that had nothing to do with you sending me

14 that letter; you just put that in here.  Why would you

15 send me that part of the policy if that was the case?

16 No one had told you there were no vehicles available?

17     A. Again, it had not been represented to us that

18 she was in her own vehicle because of it being out

19 of -- the State vehicles being out of service due to

20 breakdown, repair, servicing, loss, or destruction.

21     Q. Okay.

22     A. So our denial was based on the fact that

23 coverage is afforded for vehicles owned by the State as

24 designated in the policy; and also the exception to

25 that being the temporary substitute, which her vehicle



 1  did not meet for the criteria.

 2       Q. So, now, the fact that you are saying that now,

 3  is there something that you can go -- so up until this

 4  point, you never knew why she was in her own vehicle?

 5  No one has ever represented to you, since this accident

 6  happened and since we filed our claim against

 7  Travelers, no one has ever mentioned to you that's the

 8  reason she was in her own vehicle?

 9       A. Well, it had been represented to me just that

10  there were no vehicles available.

11       Q. Okay.  What does that mean to you?

12       A. To me, that doesn't, specifically, say that

13  there were no vehicles available because of breakdown,

14  servicing, repair, loss, or destruction.  It just says

15  there were no vehicles available.  That doesn't meet

16  the criteria of a temporary substitute.

17       Q. So you knew there was no vehicles available; did

18  you ask anybody at the State why there was no vehicles

19  available?

20       A. Well, you had represented to me that there were

21  no vehicles available.

22       Q. Right.  So you didn't check with the State to

23  see if that was the case?

24       A. There would be nothing for me to -- again, you

25  were representing that there are no vehicles available;



 1 | no idea -- so, basically, she was in her own vehicle --
 2 | even though you asked her all of the questions about
 3 | why didn't she go to her vehicle, and she went and
 4 | checked, and she signed the book, and everything else,
 5 | but that had no connection on whether the vehicles were
 6 | available or not; correct?
 7 |        MR. PURDUE:  I am not here to be deposed.
 8 |        MR. RESMINI:  I understand that.  I understand
 9 | that.
10 |        MR. PURDUE:  We can talk off the record.  I am
11 | happy to talk off the record.
12 |        MR. RESMINI:  I will go on.
13 |        MR. PURDUE:  Okay.
14 |    Q. (By Mr. Resmini) Now, the Bates stamp for
15 | 001276, the letter of September 19, 2019.
16 |        MR. PURDUE:  I have that in front of her.  It's
17 | September 19, 2019, letter from Ms. Bennett to you, and
18 | how far are you going with this, how many pages?
19 |        MR. RESMINI:  Hold on a second.  That goes to
20 | 001278.
21 |        MR. PURDUE:  She has that in front of her.
22 |            EXHIBIT 1D FOR THE PLAINTIFF MARKED FOR
23 | IDENTIFICATION
24 |               (Examination of document.)
25 |    Q. (By Mr. Resmini) That is the same, the part of



1  the policy that we just spoke about, about the

2  uninsured/ underinsured motorists coverage, that is

3  what you sent to me, that specific thing, B, of who was

4  an insured?

5      A. This is the section of the Uninsured Motorists

6  Coverage Endorsement, who is insured, yes.

7      Q. Okay.  On that, it also says on top of the

8  letter, it says, "Sent via Certified Mail, return

9  receipt requested"?

10     A. Yes.

11     Q. There is no tracking number on that letter;

12 correct, that you sent Certified Mail, like, I can't

13 check that out, when you sent that to me?

14     A. There is no tracking number on this letter in

15 front of me, no.

16     Q. Do you have that tracking number somewhere else;

17 would that be kept somewhere else?

18     A. It may potentially be.  I would have to look

19 into that.  I don't know offhand.

20     Q. So you are thinking that there is one?

21     A. If it was sent Certified Mail, there should be a

22 tracking number.  I just don't have that tracking

23 number in front of me.  I believe -- I mean, I could

24 look into locating that number; I just don't have it in

25 front of me.



1    Q. Okay.  Now, is that something in the policy,

2  that you have to send something out like that under

3  Certified Mail, or is it just something that you did on

4  your own, or that Travelers told you to do that, to

5  send it Certified Mail, return receipt?

6    A. I believe that's just Travelers' practice, I

7  believe.

8    Q. Okay.  Now, on September 19, you sent that.  On

9  the next day (sic), December 20, there was another

10  letter sent to me, and that's not in the Bates stamped

11  information that we got as part of the policy.  Are you

12  familiar with sending me another letter on

13  December 20, 2019?

14      MR. PURDUE:  Hold on a second.  That is not

15  Bates stamped?  You had provided --

16      MR. RESMINI:  It's not Bates stamped.

17      MR. PURDUE:  In front of Ms. Bennett is a

18  December 20, 2019, letter from her to you, Mr. Resmini,

19  and it is six pages long.

20      MR. RESMINI:  Correct.

21    Q. (By Mr. Resmini) That also says, "Certified

22  Mail, return receipt," and there is no tracking number

23  from the U.S. Post Office on that one, either; correct?

24    A. Correct; there is no tracking number listed on

25  this letter.



1    Q. Okay.  Now on page 2 it says, "Endorsement, IL

2  T8 00 02 12."

3    A. Yes.

4    Q. Where is that in that policy that was sent to me

5  with the Bates stamp on it?  I couldn't find it, that

6  endorsement.

7        MR. PURDUE:  If you have a minute, we can put

8  the policy in front of her.

9        MR. RESMINI:  Yeah.  Sure.  Go ahead.

10        MR. PURDUE:  Can we agree that the policy is --

11  I am putting your documents that you had sent to us

12  that were Bates stamped; I am putting in front of her

13  what you sent us.  I am only putting Bates stamp 00000,

14  five zeros, and a one to -- three zeros, and a 600,

15  because the rest of the stuff, I don't believe, is

16  policy, so ...  This is more inclusive than what the

17  policy, but to save time, I am letting her identify it,

18  because she knows.

19        MR. RESMINI:  But the first letter, that wasn't

20  part of the information you sent to me; correct?

21        MR. PURDUE:  Yes, it was.

22        MR. RESMINI:  But the second letter, I haven't

23  seen that in the policy.  You are saying that Bates

24  stamped information that you sent me, that wasn't part

25  of the Bates stamped information; correct?



KATELYN E. BENNETT                                     March 08, 2023
CYNTHIA A. ROBERGE vs TRAVELERS PROP                           51

1    that's not something you would be familiar with?

2        A. It would not be something I'm familiar with,

3    although, my first impression, looking at this, is that

4    this isn't a rejection of uninsured motorists.  This is

5    a rejection of medical payment coverage.

6        Q. So you are looking at what part of the document,

7    because it's three -- it goes on for a few pages.  It

8    goes 452, 453, and 454.

9        MR. PURDUE:  Okay.  Wayne, but you referenced

10   454 in your question.

11       MR. RESMINI:  I know.  I referenced it, because

12   that's where the signature page was, and normally --

13   well, it looks like there is another one here, too.

14   There is another one on 453, so ...

15       A. Again, this isn't something that I would be

16   looking at in the normal scope of Claims; but, again,

17   my first impression, looking at this, I don't see a

18   rejection of uninsured motorists bodily injury

19   coverage.

20       Q. So in here -- okay.  So you are looking at page

21   -- we are going to go here, so 452, you don't see any

22   rejection, but now it runs on to page 453.

23       A. Yes.

24       Q. So then on page 453, you don't see the

25   rejection?



KATELYN E. BENNETT                                        March 08, 2023
CYNTHIA A. ROBERGE vs TRAVELERS PROP                              52

1    A. That's the rejection of uninsured motorists

2    property damage coverage.

3    Q. So now above that, there is a check; do you see

4    that?

5    A. Yes.

6    Q. Now, what does that mean?

7    A. My interpretation of this is that they have

8    selected uninsured motorists bodily injury coverage

9    with the minimum financial responsibility limits, as

10   indicated, of either limits of twenty-fifty, or a

11   single limit of 50,000 per accident.

12   Q. Do you recall what the liability limit was for

13   that policy, or is for that policy?

14   MR. PURDUE:  Go back to the policy.  You're

15   killing me, Wayne.  All right.

16          (Examination of documents.)

17   MR. RESMINI:  On page 000015, it looks like.

18   MR. PURDUE:  We are there.

19   MR. RESMINI:  Okay.

20   A. So looking at this, it indicates the liability

21   limit to be $1 million.

22   Q. Okay.  So now you are saying -- now, you

23   understand it -- so if the liability limit is $1

24   million, and there was no rejection of uninsured

25   motorists coverage, what would be the uninsured



1  in your policy that would have said to her that she had

2  to do certain things before she would become insured on

3  a State vehicle, or did she just have to use that

4  vehicle, and as long as it was on your policy, she was

5  insured?

6      A. It comes down to if she is operating a covered

7  auto, and in this instance, her vehicle is not a

8  covered auto.

9      Q. So now if she was in a covered auto, what would

10  be your investigation on a situation like that, like,

11  how would that proceed?

12      A. Well, our investigation would determine whether

13  the vehicle she is using is a covered auto; and then

14  from there, if she is an insured; and then from there,

15  if the policy applies, if coverage applies.

16      Q. Did you ever have a look at Ms. Roberge's

17  Interrogatory Answers?

18      A. I don't recall.

19      Q. So Interrogatory Number Eight --

20      MR. RESMINI:  I don't know if we had sent this

21  along.  Did we send this along as an Exhibit?

22      MR. PURDUE:  You did not.

23      MR. RESMINI:  Interrogatory Number Eight, my

24  secretary said we didn't send it along.

25      Q. It indicates that on the date of the incident,



KATELYN E. BENNETT                                          March 08, 2023
CYNTHIA A. ROBERGE vs TRAVELERS PROP                                   65

1    an insured under the policy.

2        Q. But you are saying that, Ms. Bennett,

3    Ms. Roberge's vehicle wasn't a covered auto?

4        A. That's correct.

5        Q. And she still isn't an insured?

6        A. Correct, because she was not operating a covered

7    auto, she would not be considered an insured.

8           MR. RESMINI:  All right.  One other thing, then

9    I will be back to you in a second.

10          (Off the record from 12:27 to 12:33 p.m.)

11          MR. RESMINI:  We are all set.  I have no more

12   questions.

13          MR. PURDUE:  Okay.

14             EXHIBITS 1E-1G FOR THE PLAINTIFF MARKED FOR

15   IDENTIFICATION

16          COURT REPORTER:  Transcript order?

17          MR. PURDUE:  Yes, I will take a mini and regular

18   size, and you can send them electronically, with an

19   errata sheet.

20          MR. RESMINI:  Yes, and the original can be sent

21   electronic.

22          (The Deposition concluded at 12:35 p.m.)

23

24

25



KATELYN E. BENNETT                                    March 08, 2023
CYNTHIA A. ROBERGE vs TRAVELERS PROP                           66

1                    C E R T I F I C A T E

2        I, Nancy S. Caron, C.S.R., a Notary Public in and for
   the Commonwealth of Massachusetts, duly commissioned and
3  qualified to administer oaths, do hereby certify that
   the foregoing deposition of Katelyn Elizabeth Bennett,
4  witness in the above-entitled cause, was taken by me via
   web conference, commencing at 10:05 a.m., on March 8,
5  2023, that previous to the testimony of said witness,
   who was of lawful age, said witness was sworn by me; and
6  that said witness thereupon testified as in the
   foregoing-annexed transcript.

7
         I further certify that the foregoing deposition was
8  taken down by me in stenotype and was later reduced to
   typewriting and that the foregoing is a true and
9  accurate record of the testimony of said witness.

10       Pursuant to Rules 5(d) and 30(f) of the Federal Rules
   of Civil Procedure, original transcripts shall not be
11 filed in court.  Therefore, original is delivered and
   retained by Wayne G. Resmini, Esquire, 1022 Reservoir
12 Avenue, Cranston, Rhode Island.

13       IN WITNESS WHEREOF, I have hereupon set my

14 hand this 20th day of March, 2023.

15

16

17

18
         NANCY S. CARON, C.S.R., NOTARY PUBLIC
19         MY COMMISSION EXPIRES 09/19/2025

20

21

22

23

24

25



# EXHIBIT 1D

Plaintiff's Ex. 1D
Bennett Depo
3/8/23 nsc



**Katelyn Bennett**
*Claim Professional, Auto*

P.O. Box 430
Buffalo NY 14240

508.946.6534 TEL
877.786.5584 FAX

September 19, 2019

Resmini Law LLC
Attn: Attorney Wayne Resmini
1022 Reservoir Avenue          **Sent Via Certified Mail- Return Receipt Requested**
Cranston RI 02910

RE:   Policyholder:        State of Rhode Island
      Policy Number:       TC2JCAP-177D8592
      Effective Dates:     02/01/18-02/01/19
      Your Client:         Cynthia Roberge
      Our Claim:           FEZ4438
      Date of Loss:        10/18/18

Dear Attorney Resmini:

This will acknowledge our receipt of the captioned matter, in which you are seeking coverage under the Rhode Island Automobile Insurance Policy referenced above (hereinafter referred to as "the policy") underwritten by Travelers Property Casualty Company of America (hereinafter referred to as "Travelers").

This "declination of coverage" letter acknowledges receipt of the claim, and is intended to advise you of the determination of Travelers as to whether the policy will respond to this matter. After consideration of the information presented to us, we have determined that there is no coverage afforded under the policy for the claim submitted by your client. The reasons for this decision are set forth more fully below.

It is our understanding that, at the time of the accident in question, Cynthia Roberge was in the course and scope of employment and operating her own personal vehicle, a 2007 Toyota Camry. You are seeking underinsured motorist bodily injury coverage for injuries your client allegedly sustained from this accident.

At this time, we refer you to the policy, which states in relevant part as follows:

Page 2

| COVERAGE | COVERED AUTO SYMBOL | LIMITS OF INSURANCE |
|---|---|---|
| UNINSURED AND UNDERINSURED MOTORISTS COVERAGE | 2 | SEE CA T0 30 |

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 2 | Owned "Autos" Only | Only those "autos" you own (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |

# RHODE ISLAND UNINSURED MOTORISTS COVERAGE BODILY INJURY

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". Any "auto" that is owned by the Named Insured is not a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

TRAVELERS_001277

Page 3

Based on the policy's covered auto designation for uninsured/underinsured motorist bodily injury coverage, the coverage is afforded to only "autos" owned by the State of Rhode Island. As Cynthia Roberge was operating her own motor vehicle at the time of the loss, and not a vehicle owned by the State of Rhode Island, underinsured motorist coverage would not be available to your client.

This letter does not, and is not intended to, waive any of the rights Travelers may have under the terms of the insurance policy or at law. This letter is not intended to be an exhaustive statement of all exclusions and/or conditions which may be applicable. All rights which Travelers may have under the terms of the insurance policy and at law are specifically reserved. We expressly do not waive our right to deny coverage for any other valid reason.

If you have any further information that you feel would be relevant to our coverage determination, please forward that information to the undersigned for consideration.

We will be available to you to discuss the position we have taken. Should you, however, wish to contact the Rhode Island Department of Business Regulation, you may do so at the address listed below. In certain limited circumstances the Department may have jurisdiction pursuant to R.I. Gen. Laws § 27-9.1-6 and Page 7 of 12 Reg. # 73 therefore, you may be able to have the matter reviewed by the Department. The Department of Business Regulation does not have authority to settle or arbitrate claims, determine liability or order an insurer to pay a claim.

Rhode Island Department of Business Regulation Insurance Division
233 Richmond Street,
Providence, Rhode Island 02903.

The Rhode Island Department of Business Regulation, Insurance Division can be contacted by telephone at (401) 222-2223.

Sincerely,

Katelyn Bennett
Travelers Property Casualty Company of America

TRAVELERS_001278



**EXHIBIT 1E**

Plaintiff's Ex. 1E
Bennett Depo
3/8/23 nsc



Katelyn Bennett
*Claim Professional, Auto*
P.O. Box 430
Buffalo NY 14240

508.946.6534 TEL
877.788.5584 FAX

December 20, 2019

Resmini Law LLC
Attn: Attorney Wayne Resmini
1022 Reservoir Avenue                    **Sent Via Certified Mail- Return Receipt Requested**
Cranston, RI 02910

RE:    Policyholder:       State of Rhode Island
       Policy Number:      TC2JCAP-177D8592
       Effective Dates:    02/01/18-02/01/19
       Your Client:        Cynthia A. Roberge
       Our Claim:          FEZ4438
       Date of Loss:       10/18/18

Dear Attorney Resmini:

We are in receipt of your letter dated December 2, 2019 and received in this office on December 5, 2019 in which you requested permission to settle your client's bodily injury claim and a certified copy of the policy for State of Rhode Island. You stated that you disagreed with the coverage position taken and indicated that it is your belief that your client is entitled to underinsured motorist bodily injury coverage under this policy.

At your request a certified copy of the policy is enclosed with this letter for your review.

With regard to your client's bodily injury claim, we confirm that you have permission to settle the third-party liability claim against Edda Fortez with American Commerce Insurance Company. We do not waive any of the rights we may have under the term of the insurance policy or at law. This includes any of our policy defenses for this claim.

The most recent communication you sent stated that you did not see anything in the policy that would not allow your client to file a claim with Travelers. As a result of this we would like to take this time to further explain the coverage denial. This correspondence will supplement the previous coverage denial dated September 19, 2019.

This "declination of coverage" letter acknowledges receipt of the claim, and is intended to advise you of the determination of Travelers as to whether the policy will respond to this matter. After consideration of the information presented to us, we have determined that there is no coverage afforded under the policy for the claim submitted by your client.

Page 2

At the time of the accident in question, Cynthia Roberge was in the course and scope of employment and operating her own personal vehicle, a 2007 Toyota Camry. You are seeking underinsured motorist bodily injury coverage for injuries your client allegedly sustained from this accident.

At this time, we refer you to the policy, which states in relevant part as follows:

## ENDORSEMENT – IL T8 00 02 12

### NAMED INSURED ENDORSEMENT

IT IS AGREED THAT:

THE NAMED INSURED IN ITEM 1. OF THE COMMON POLICY DECLARATIONS, IL T0 02 11 89, READS AS FOLLOWS:

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS AND THEIR DULY APPOINTED BOARDS, DEPARTMENTS AND AGENCIES AS MAY CURRENTLY EXIST OR HEREINAFTER BE CONSTITUTED. RHODE ISLAND OFFICE OF HIGHER EDUCATION; OFFICE OF POSTSECONDARY COMMISSIONER; COMMISSIONER OF POSTSECONDARY EDUCATION; COUNCIL ON ELEMENTARY AND SECONDARY EDUCATION; RHODE ISLAND REFUNDING BOND AUTHORITY.

Page 3

BUSINESS AUTO
COVERAGE PART DECLARATIONS
Issue Date:  02-16-18  LP

ITEM ONE:                    Policy Number:  TC2J-CAP-177D8592-TIL-18

INSURING COMPANY:
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

Declarations Period:  From:  02-01-18 to 02-01-19 12:01 A.M. Standard
Time at your mailing address shown in the Common Policy Declarations.

The Commercial Automobile Coverage Part consists of these
Declarations and the Business Auto Coverage Form shown below.

FORM OF BUSINESS: CORPORATION

ITEM TWO:
 A. COVERAGE AND LIMITS OF INSURANCE:

   Coverage applies only to those Autos shown as Covered Autos by entry
   of one or more Symbols from SECTION 1 - Covered Auto of the
   BUSINESS AUTO COVERAGE FORM

| COVERAGE | COVERED AUTO SYMBOL | LIMITS OF INSURANCE |
|---|---|---|
| | | The most we will pay for any one accident or loss. |
| LIABILITY | 1 | $ 1,000,000 |
| UNINSURED AND UNDERINSURED MOTORISTS COVERAGE | 2 | SEE CA T0 30 |

Page 4

# RHODE ISLAND UNINSURED MOTORISTS COVERAGE
# BODILY INJURY

For a covered "auto" licensed or principally garaged in, or "auto dealer operations" conducted in, Rhode Island, this endorsement modifies insurance provided under the following:

> AUTO DEALERS COVERAGE FORM
> BUSINESS AUTO COVERAGE FORM
> MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

## SCHEDULE

| "Bodily Injury" | $ | 50,000 | Each "Accident" |
|---|---|---|---|

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". Any "auto" that is owned by the Named Insured is not a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

Page 5

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# BUSINESS AUTO COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.

**SECTION I – COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 1 | Any "Auto" | |
| 2 | Owned "Autos" Only | Only those "autos" you own (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |

The policy affords uninsured and underinsured motorist coverage bodily injury for owned "autos" only based on **Symbol 2**. The description of **Symbol 2** for owned "autos" states an owned vehicle is a vehicle you own. "You" is described as being the Named Insured shown in the Declarations on the **BUSINESS AUTO COVERAGE FORM.** In this case, the Named Insured reads as *State of Rhode Island and Providence Plantations and Their Duly Appointed Boards, Departments and Agencies as May Currently Exist or Hereinafter Be Constituted. Rhode Island Office of Higher Education; Office of Postsecondary Commissioner; Commissioner of Postsecondary Education; Council on Elementary and Secondary Education; Rhode Island Refunding Bond Authority.* Cynthia Roberge is not the "you" and "your" as described on the policy. Furthermore, she was operating her own motor vehicle at the time of the loss and not a vehicle owned by the Named Insured. Based on this our position remains that coverage would not be available to your client.

This letter does not, and is not intended to, waive any of the rights Travelers may have under the terms of the insurance policy or at law. This letter is not intended to be an exhaustive statement of all exclusions and/or conditions which may be applicable. All rights which Travelers may have under the terms of the insurance policy and at law are specifically reserved. We expressly do not waive our right to deny coverage for any other valid reason.

Page 6

If you have any further information that you feel would be relevant to our coverage determination, please forward that information to the undersigned for consideration.

We will be available to you to discuss the position we have taken. Should you, however, wish to contact the Rhode Island Department of Business Regulation, you may do so at the address listed below. In certain limited circumstances the Department may have jurisdiction pursuant to R.I. Gen. Laws § 27-9.1-6 and Page 7 of 12 Reg. # 73 therefore, you may be able to have the matter reviewed by the Department. The Department of Business Regulation does not have authority to settle or arbitrate claims, determine liability or order an insurer to pay a claim.

> Rhode Island Department of Business Regulation Insurance Division
> 233 Richmond Street,
> Providence, Rhode Island 02903.

The Rhode Island Department of Business Regulation, Insurance Division can be contacted by telephone at (401) 222-2223.

Sincerely,

Katelyn Bennett
Travelers Property Casualty Company of America

# EXHIBIT 1F

Plaintiff's Ex. 1F
Bennett Depo
3/8/23 nsc

| | |
|---|---|
| **From:** | Craffey,Melissa A |
| **To:** | LaPenta,Barbara A |
| **Cc:** | Craffey,Melissa A |
| **Subject:** | RE: (State of Rhode Island) UM/UIM Renewal Offer Information Verification |
| **Date:** | Thursday, October 12, 2017 10:00:57 AM |
| **Attachments:** | image001.png |

Good Morning Barbara,

I just heard back from the AE regarding a change being made to the insured contact.  Please see below.

Thank you,
Melissa

**Melissa Craffey | Senior Account Manager | BI Loss Sensitive Construction Operations: Metro & Northeast Regions**
Travelers
300 Windsor Street
Hartford, CT 06120
W: 860.277.4669   F:855.791.8140


**TRAVELERS** J

## *Your feedback is encouraged!*

**We value your business and appreciate your suggestions.  Please help us improve by sharing your customer experience at *cxfdback@travelers.com*.**

**From:** LaPenta,Barbara A
**Sent:** Wednesday, October 04, 2017 2:32 PM
**To:** Craffey,Melissa A <MCRAFFEY@travelers.com>
**Subject:** (State of Rhode Island) UM/UIM Renewal Offer Information Verification
**Importance:** High

Hi Melissa,

Please verify info below.

Thank you!

Barbara

## UM/UIM Renewal Offer Information Verification

### Confirm the information below for the UM/UIM offering

| Insured Name & Address (from expiring policy):<br><br>State of Rhode Island<br>One Capitol Hill<br>Providence, RI 02908-5850 | Insured Contact (from SDN):<br><br>Kevin Carvalho |
|---|---|
| Broker Name & Address (from expiring policy):<br><br>Rhode Island Association of Insurance Agents, Inc.<br>2400 Post Road<br>Warwick, RI 02886 | Broker Contact (from SDN):<br><br>Marcia Berthiaume |
| Policy Number: TC2J-CAP-177D8592 | Effective Date: 02/01/2018 |
| SAI# 7833XA077 | Region: Northeast |
| # of Vehicles Covered: 2,134 | If # Vehicles under 75 (Provide states covered): |
| **Was this account previously Middle Market Guaranteed Cost?  Yes or No NO** | **If Yes – are there previously Signed UM applications on file?** |

**Please verify that the above data is correct and return by: ___ASAP**

**New Business: Please respond ASAP**

**Renewals: UM offers are sent 90 days prior to the effective month. If you do not respond or** indicate any change in contacts by 90 days prior to eff **month, we will** assume the offer can be mailed to the contacts shown below.

**Indicate any changes** to the above contacts/addresses (by return email).

|  | OK as shown or change as noted |
|---|---|
| Insured: | Russell Irving; address is the same as above |
| Broker: | OK |
|  |  |

**West Virginia (**Primary and Excess**):** A new UM/UIM application must be sent to the insured if there are actual WV exposures **or** if you have an excess FSEX policy.  If your account meets both these criteria, furnish the following info (if you do **not** respond to this item, we will assume **no** applicability) -

| # of actual West Virginia vehicles: | N/A |
|---|---|
| FSEX (only)  Limits of liability: | |

**Program Change -** If you want a full set of countrywide apps sent out due to a **program change,** please note by putting an "x" here -

| | Yes, send a complete set of apps due to possible plan change instead of just updates and annuals. Note - The program change letter will be used if you answer yes here. |
|---|---|

Does this account include an **Umbrella Policy issued in Class**? By return email).

| If yes, Please provide the Umbrella policy #: | N/A |
|---|---|

**Barbara LaPenta | Sr. Field Support Specialist| BI Operations Customer Solutions & Service**
**Travelers**
**One Tower Square | 9MN-A**
**Hartford | CT | 06183**
**W: 860.277.6600 | F: 866.355.2685**



## Checklist of UM/UIM/No-Fault Supplemental Commercial Automobile
## Application Forms Included in this Mailing

| Account Name: | **State of Rhode Island** | Policy Number: | **TC2J-CAP-177D8592** |
|---|---|---|---|
| Address: | **One Capitol Hill** | Date: | **11/1/2017** |
| | **Providence, RI 02908-5850** | Certified Mail Tracking#: | **7016 0340 0000 8659 3323** |

### Primary Coverage Form Numbers*

| | |
|---|---|
| ☐ AL 20 12 08 (UM) | ☐ MS 11 04 17 (NonStacked) |
| ☐ AK 10 02 08 (UM/UIM) | ☐ MO 20 02 08 (UM/UIM) |
| ☐ AZ 10 09 14 (UM/UIM) | ☐ MT 20 08 08 (UM) |
| ☐ AR 10 06 08 (UM/UIM/PD) | ☐ NE 20 02 08 (UM/UIM) |
| ☐ AR 40 06 08 (PIP) | ☑ NV 10 02 08 (UM) |
| ☐ CA 10 04 09 (UM/PD/Waiver) | ☑ NV 50 02 08 (MED PAY) |
| ☑ CO 20 07 08 (UM/PD) | ☑ NJ 20 02 08 (UM/UIM) |
| ☑ CO 50 01 09 (MED PAY) | ☑ NJ 40 02 08 (PIP) |
| ☐ CT 10 02 08 (UM/UIM) | ☑ NM 10 04 13 (UM) |
| ☐ DE 10 01 14 (UM/UIM) | ☑ NY 20 10 08 (UM/UIM) |
| ☐ DE 11 08 12 (PIP Ackngmt) | ☑ NY 30 10 08 (SSLC) |
| ☐ DC 20 02 08 (UM/UIM) | ☑ NY 40 10 08 (PIP) |
| ☐ DC 40 02 08 (PIP) | ☑ NC 10 02 12 (UM/UIM) |
| ☑ FL 10 10 10 (UM) | ☐ ND 20 02 08 (UM/UIM) |
| ☑ FL 40 08 08 (PIP) | ☐ ND 40 02 08 (PIP) |
| ☐ GA 10 01 09 (UM) | ☐ OK 10 08 15 (UM) |
| ☑ HI 10 02 08 (UM/UIM) | ☐ OR 10 01 16 (UM/UIM/PD) |
| ☑ HI 40 02 08 (PIP) | ☐ PA 10 03 12 (UM/UIM) |
| ☐ ID 20 02 09 (UM/UIM) | ☑ RI 10 11 17 (UM/PD) |
| ☐ IL 10 01 15 (UM/UIM/PD) | ☑ RI 50 02 08 (MED PAY) |
| ☑ IN 10 07 16 (UM/UIM/PD) | ☐ SC 10 03 16 (UM/UIM) |
| ☐ IA 20 02 08 (UM/UIM) | ☐ SD 20 02 08 (UM/UIM) |
| ☐ KS 10 04 17 (UM) | ☐ TN 10 09 16 (UM/PD) |
| ☐ KY 20 06 15 (UM/UIM) | ☐ TX 20 01 11 (UM/PD) |
| ☐ KY 40 02 08 (PIP) | ☐ TX 40 02 08 (PIP) |
| ☐ LA 10 01 09 (UM) | ☑ UT 10 01 09 (UM/UIM/PD) |
| ☐ ME 20 09 08 (UM) | ☑ UT 40 02 08 (PIP) |
| ☐ MD 20 01 11 (UM/PD) | ☐ VT 10 02 08 (UM) |
| ☐ MD 40 10 16 (PIP) | ☐ VA 10 09 08 (UM/MED PAY) |
| ☐ MA 20 10 08 (UM/UIM) | ☐ WA 10 12 16 (UM/PD) |
| ☐ MI 40 08 08 (PIP) | ☐ WV 10 04 17 (UM/UIM) |
| ☐ MN 20 02 08 (UM/UIM) | ☐ WI 20 04 15 (UM/UIM) |
| ☐ MN 40 02 08 (PIP) | ☐ WI 50 09 11 (MED PAY) |
| ☐ MS 20 04 17 (UM/PD) | ☐ WY 20 02 08 (UM) |

**NOTE:** No UM form exists in the following 4 locations. However, UM is available by written request and/or via email to:

MICHIGAN

OHIO

PUERTO RICO

VIRGIN ISLANDS

NEW HAMPSHIRE

POLICY LIMITS APPLY

### EXCESS/UMBRELLA UM FORMS

| | | |
|---|---|---|
| ☐ FL | CP-5901 Rev. 11-03 | |
| ☐ LA | UI LA 10 01 09 | |
| ☐ NH | CP-4468 | |
| ☐ VT | CP-6204 New 11-03 | |
| ☐ WV | CP-4887 Rev. 11-15 | |

*The "UI" form number prefix has been removed for purposes of this listing.

**IMPORTANT:** Please contact us immediately if a form for a state in which you have a vehicle registered or garaged is <u>not</u> included in your package. Also, contact us if you subsequently acquire a vehicle registered or garaged in a state that has <u>not</u> been included in this package. We will promptly send you the applicable state election form for your completion.

The Travelers Indemnity Company and its property casualty affiliates, One Tower Square, Hartford, CT 06183.
This material is for informational purposes only. All statements herein are subject to the provisions, exclusions and conditions of the applicable policy. For an actual description of all coverages, terms and conditions, refer to the insurance policy. Coverages are subject to individual insureds meeting our underwriting qualifications and to state availability.

Shared Drive: UM-UIM/Procedures Manual

TRAVELERS_000451


**TRAVELERS**

### SUPPLEMENTARY COMMERCIAL AUTOMOBILE APPLICATION

# RHODE ISLAND

*(To be completed and signed by Named Insured)*

| NAME: | STATE OF RHODE ISLAND |
|---|---|

| ADDRESS: | ONE CAPITOL HILL |
|---|---|

| PROVIDENCE | RI 02908-5850 |
|---|---|

### UNINSURED MOTORISTS COVERAGES

#### UNINSURED MOTORISTS BODILY INJURY (UMBI) COVERAGE

Uninsured Motorists Bodily Injury (UMBI) Coverage provides protection against damages for bodily injury which the insured is legally entitled to recover from the owner or driver of a motor vehicle for which there is no liability bond or policy providing the minimum limits required by applicable law, for which the insurer denies coverage or is or becomes insolvent, or for which the owner or driver is unidentified. UMBI Coverage also provides protection against damages for bodily injury where a motor vehicle is insured, but the available liability limits are not enough to pay the full amount of the insured's damages. Refer to your policy for the prevailing coverage provisions.

Your automobile liability or motor vehicle liability policy shall <u>automatically</u> include UMBI Coverage at limits equal to the Bodily Injury Liability policy limits, <u>unless</u> you select lower limits, but not less than the minimum required financial responsibility limits of $25,000 each person/$50,000 each accident, or $50,000 each accident (single limit).

YOU ALSO HAVE THE RIGHT TO REJECT UMBI COVERAGE <u>BUT ONLY IF</u> THE BODILY INJURY LIABILITY POLICY LIMITS ARE <u>EQUAL TO</u> THE MINIMUM REQUIRED FINANCIAL RESPONSIBILITY LIMITS.

#### UNINSURED MOTORISTS PROPERTY DAMAGE (UMPD) COVERAGE

Uninsured Motorists Property Damage (UMPD) Coverage provides protection against damages for property damage which the insured is legally entitled to recover from the owner or driver of a motor vehicle for which there is no liability bond or policy providing the minimum limits required by applicable law, for which the insurer denies coverage or is or becomes insolvent, or for which the owner or driver is unidentified. Refer to your policy for the prevailing coverage provisions.

If your policy does <u>not</u> include collision coverage, then your automobile liability or motor vehicle liability policy shall <u>automatically</u> include UMPD Coverage at a limit equal to $25,000 each accident, <u>unless</u> you reject UMPD Coverage or select higher limits up to the Property Damage Liability policy limit. If your policy includes collision coverage, then UMPD Coverage is optional and no UMPD Coverage will be afforded unless you elect UMPD Coverage limits.

#### ELECTION OPTIONS

Please indicate your elections by checking the applicable box(es), and signing below:

UNINSURED MOTORISTS BODILY INJURY COVERAGE:

☐ I wish to <u>select</u> UMBI Coverage equal to the Bodily Injury Liability policy limits.

☐ I wish to <u>select</u> UMBI Coverage at limits lower than the Bodily Injury Liability policy limits, but not less than the minimum required financial responsibility limits. (Specify limits)

    ☐ $100,000 each accident;

    ☐ $250,000 each accident;

    ☐ $300,000 each accident;

    ☐ $350,000 each accident;

    ☐ $500,000 each accident;

    ☐ $750,000 each accident;

    ☐ $1,000,000 each accident;

    ☐ _____

TRAVELERS_000452

☑ I wish to <u>select</u> UMBI Coverage at the minimum financial responsibility limits of $25,000 each person/$50,000 each accident, or $50,000 each accident (single limit). The Uninsured Motorists Coverage limits will be either split (each person/each accident) or a single limit (each accident), consistent with the Bodily Injury Liability limits on your policy.

☐ I wish to <u>reject</u> UMBI Coverage (<u>only applicable</u> if the Bodily Injury Liability limits are equal to the minimum required financial responsibility limits).

UNINSURED MOTORISTS PROPERTY DAMAGE COVERAGE:

☑ I wish to <u>reject</u> UMPD Coverage.

☐ I wish to <u>select</u> UMPD Coverage equal to the minimum available limit of $25,000 each accident.

☐ I wish to <u>select</u> UMPD Coverage equal to the Property Damage Liability policy limits.

☐ I wish to <u>select</u> UMPD Coverage at limits lower than the Property Damage Liability policy limits, but not less than the minimum available limit of $25,000 each accident. (Specify limits)

    ☐ $50,000 each accident;

    ☐ $100,000 each accident;

    ☐ _____

**PURSUANT TO SEC. 27-7-2.1 UNINSURED/UNDERINSURED MOTORIST BODILY INJURY**

**\* REJECTION NOTICE AND WARNING \***

**THE LAW REQUIRES YOU TO READ THIS NOTICE FOR YOUR INFORMATION**

In order to make sure that you are aware of the risks of going without uninsured/underinsured motorist bodily injury coverage, the State of Rhode Island **requires your insurance producer or insurance company to obtain your signature showing that you have read this document and understand this warning, before they are allowed to sell you motor vehicle insurance without uninsured/underinsured motorist bodily injury coverage. IF YOU CHOOSE NOT TO BUY UNINSURED/UNDERINSURED MOTORIST BODILY INJURY COVERAGE YOU MIGHT HAVE NO MOTOR VEHICLE INSURANCE COVERAGE FOR YOUR OWN INJURIES IF YOU ARE HIT BY AN UNINSURED MOTORIST.** Many motorists will ignore mandatory auto insurance laws, and many motorists passing through from another state will not have insurance. Most uninsured/underinsured motorists do not have assets or money to pay you for your injuries, even if you win a lawsuit against them. Uninsured/underinsured motorist bodily injury coverage may be your only protection.

**The Department of Business Regulation of the State of Rhode Island STRONGLY RECOMMENDS that motorists obtain uninsured/underinsured motorists bodily injury coverage as part of their motor vehicle insurance package.**

I have read and I understand this, and I choose not to buy uninsured/underinsured motorist coverage.

**\*UNINSURED/UNDERINSURED MOTORISTS COVERAGE MAY BE REJECTED ONLY IF MINIMUM LIABILITY LIMITS ARE REQUESTED (25/50)**

I understand that the coverage selection or rejection indicated above shall apply to the policy or policies in effect at the time this form is executed and all future renewal policies until I notify the Company IN WRITING of any changes or I am notified by the Company of a change in the form requiring a new offer form for my completion.

My signature below, and/or payment of any premium, evidences my actual knowledge and understanding of the availability of these benefits and limits as well as the benefits and limits I have elected.

| SIGNATURE OF NAMED INSURED | DATE |
|---|---|
| *Kevin A. Carvalho  RI State Risk Manager* | *11/9/16* |

© 2008 The Travelers Indemnity Company. All rights reserved.

TRAVELERS_000453



## SUPPLEMENTARY COMMERCIAL AUTOMOBILE APPLICATION

# RHODE ISLAND

*(To be completed and signed by Named Insured)*

| NAME: | STATE OF RHODE ISLAND |
|---|---|
| ADDRESS: | ONE CAPITOL HILL |
| | PROVIDENCE             RI 02908-5850 |

### AUTO MEDICAL PAYMENTS COVERAGE

Rhode Island law requires that Medical Payments Coverage be provided in a policy insuring against loss resulting from liability imposed by law or for injuries caused by a motor vehicle collision or for injuries arising out of the ownership, maintenance, or use of a motor vehicle, provided that the named insured shall have the right to reject this coverage. Medical Payments Coverage will *automatically* be provided at a limit of $2,500 per person, unless you reject this coverage by checking the proper box below, and return this form.

*If this policy is a renewal*, your policy will <u>automatically</u> reflect the rejection or coverage limits of your expiring policy, <u>unless</u> you change your election. You may change your Medical Payments Coverage election by checking the proper box and signing below.

☑ I <u>reject</u> Medical Payments Coverage
☐ I <u>select</u> Medical Payments Coverage

I understand that the coverage selection or rejection indicated above shall apply on the policy or policies in effect at the time this form is executed and all future renewal policies until I notify the Company IN WRITING of any changes.

My signature below, and/or payment of any premium, evidences my actual knowledge and understanding of the availability of these benefits and limits as well as the benefits and limits I have selected.

| SIGNATURE OF NAMED INSURED | DATE |
|---|---|
| *Thomas A. Carvalho*  RI State Risk Manager | 11/9/16 |

UI RI 50 02 08                                                                                           Page 1 of 1

TRAVELERS_000454

# Helpful Hints

## Important information for completing the Selection forms
### (PLEASE NOTE: DOUBLE SIDED DOCUMENT)

| State | Help |
|---|---|
| **Annual States:**<br><br>FL, CO, GA, HI, IL, IN, NV, NY, NC, RI & WA | These Annual States must be sent every year however, if this is a renewal policy, the coverage rejection or limits on your previously signed selection forms will apply for the renewal unless you make a different selection now. |
| Conditional Annual: | States in which specific conditions exist may require an ANNUAL offer. You may receive an offer form at renewal if certain conditions exist on your policy. |
| MFRL Default States | AL, CO, DC, ID, IA, KY, ME, MD, MA, MN, MS, MO, MT, NE, NJ, NY, ND, OK, PR*, SD, TX, WV, WI, WY.<br><br>In the absence of a signed selection, Minimum Financial Responsibility Limits may apply. *See separate section for PR. |
| Policy Limits Default States | AK, AZ, AR, CA, CT, DE, FL, GA, HI, IL, IN, KS, LA, NV, NM, NH*, NC, OR, PA, RI, SC, TN, UT, VT, VA, WA<br><br>In the absence of a signed selection, Policy Limits may apply. *See separate section for NH. |
| States which allow you to reject UM | AL, AK, AZ, AR, CA, CO, DE, FL, GA, HI, ID, IN, IA, KY, LA, MI, MS, MO, MT, NV, NM, ND, OK, PA, TN, TX, UT, WA, WY<br><br>If you want to reject UM and the state has a separate rejection allowed for UIM and/or UM-PD (AK, AZ, AR, HI, IA, MS, PA, TN, TX, UT, WA] you must check the appropriate rejection box. If not specifically rejected, you may have rejected UM but may get UIM and/or UM-PD. Be sure to read the offer form carefully. |
| **CA, CO, IL, UT** | UM Property Damage can be provided only if there is no Collision coverage provided on your policy. Collision is a broader coverage than UM PD. |
| **CA** | If you have a large deductible plan (C2 in your policy symbol) and your policy provides for collision coverage, if you do not reject the Waiver of Collision Deductible coverage, your policy will be inconsistent with the large deductible plan you purchased. Please discuss your coverage with your agent. |
| **CT** | Uninsured Motorists selections made for both "with standard" and "with conversion" underinsured motorists coverage will invalidate your selections.<br>**You must only select one or the other – A or B.** |
| **DE** | • The PIP Acknowledgement form is only for Insureds who are Individuals.<br>• If there are to be more than one deductible for Comp and Collision, the insured may wish to put "Varies - see Proposal" on the offer form. |
| **GA** | |

TRAVELERS_000455

| | |
|---|---|
| | Uninsured Motorists selections made for both <u>Added-On</u> limits and <u>Reduced-By</u> limits will invalidate your selections. **You must only select one <u>or</u> the other.** |
| **LA** | • You must **INITIAL** your selection for it to be a properly executed form.<br>• Effective 01/01/10 the Minimum Financial Responsibility limits is $30,000 CSL or $15,000/30,000 split limits.<br>• The Resolution form has recently been withdrawn and is not a required form as noted in the cover letter. |
| **MI & OH** | Effective 02/01/08 there is no longer any offer form for **MI** and **OH**. UM/UIM coverage is optional and may be available upon request.<br><br>If you desire UM Coverage in these states, please advise your broker/agent. You may request UM in these states by sending an email to Barbara LaPenta at <u>blapenta@travelers.com</u>.<br>**Please note:** UM Coverage cannot be provided without a specific request for coverage on a New Business policy. Upon renewal your prior selections will hold until we receive a written change request from you (the insured) or your broker.<br><br><u>Note</u>: Ohio Minimum Financial Responsibility Limits (MFRL)<br>        UM $50,000 UIM $75,000 PD $7,500. |
| **NC** | UM/UIM limits are Combined Single Limits or Split limits consistent with policy liability limits.  For policy liability with Combined Single Limits (CSL) the insured may select UM/UIM of CSL MFRL $85,000 up to $1,000,000, for any CSL policy liability limit. For split limits, NC law says that when a policy has a <u>policy</u> liability split limit <u>greater than</u> MFRL, UM/UIM split limits of <u>at least</u> $50,000/$100,000/$50,000 up to $1,000,000/$1,000,000/$1,000,000 must be selected. If the policy liability split limit is <u>at</u> MFRL, then UM split limit of 30,000/60,000/25,000 may be selected. |
| **NH** | **New Hampshire:** There is no offer form. UM must be provided at **Policy Limits.** |
| **PR** | **Puerto Rico** - There is no offer form. Uninsured Motorist Coverage is not mandatory in Puerto Rico and can be either single limit (CSL) or split limit.<br><br>If you desire UM Coverage in this state, please advise your broker/agent. You may request UM in this state in writing or by sending an email to Barbara LaPenta at <u>blapenta@travelers.com</u>. **Please note:** UM Coverage cannot be provided without a specific request for coverage on a New Business policy. Upon renewal your prior selections will hold until we receive a written change request from you (the insured) or your broker. |
| **RI** | UM can **not** be rejected. Uninsured Motorist coverage can **only** be rejected if your Bodily Injury Liability Policy Limits are **equal to** the minimum required Financial Responsibility Limits of $25,000 each person/$50,000 each accident BI or $50,000 each accident CSL. |
| **SC** | Statutory mandatory default limits are policy limits for both Uninsured and Underinsured Motorist coverage, unless a selection or rejection is specifically made on pages 3 & 4 of the UI SC 10 04 10. |
| **US VI** | **US Virgin Islands:**  There is no offer form and UM/UIM coverage is not required in the U.S. Virgin Islands.  The insured may request in writing a UM/UIM limit for U.S. Virgin Islands.  If no request is received, the U.S. Virgin Islands will be added to the policy as a covered state without Uninsured/Underinsured Motorist Coverage. |

**This insert does not constitute any guarantee of coverage. Properly executed forms are required**. If there is a contradictory selection made for any state(s), a copy of the original signed application(s) will be returned.  A blank application will be attached for any that need clarification.  **Statutory mandatory limits may apply for any designated contradictory states <u>until we received properly executed forms from you.</u>**

# EXHIBIT J

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CYNTHIA A. ROBERGE

                                       C.A. NO. 1:21-CV-00193

vs.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

## AFFIDAVIT OF MICHAEL ROGERS

I, Michael Rogers, do swear and depose that the following is true:

1. I am employed as Managing Director for The Travelers Indemnity Company ("Travelers") and have been with the company since July 30, 1990.

2. In or about January 2004, Travelers assessed, evaluated, and approved an application for commercial auto insurance that was submitted by or on behalf of the State of Rhode Island.

3. Commercial Automobile Policy number CAP-177D8592 ("the Policy") was first issued by Travelers to the named insured State of Rhode Island for the period beginning January 14, 2004.

4. Each year subsequent to the first issuance of the Policy, Travelers has assessed, evaluated, and approved its renewal.

5. The Policy in its entirety was renewed by Travelers to the named insured State of Rhode Island for the period of February 1, 2018, to February 1, 2019.

6. This policy was in effect on October 18, 2018.

7. The Policy has both a Liability coverage part and an Uninsured and Underinsured Motorists ("UM/UIM") coverage part.

8. The Policy defines an "insured" under the UM/UIM part of the Policy as "anyone 'occupying' a covered 'auto' or a temporary substitute for a covered 'auto'." CA 21 43 06 15.

9. The Policy utilizes Covered Auto Designation Symbols to indicate what "autos" might be covered for each part of the Policy.

10. Based on the covered auto designation symbol selected by the State of Rhode Island, only those "autos" owned by the Named Insured are covered "autos" under the UM/UIM part of the Policy.

11. By endorsement, the Named Insured was expanded from the State of Rhode Island to include *State of Rhode Island and Providence Plantations and their duly appointed boards,*

101228271

*departments and agencies as may currently exist or hereinafter be constituted. Rhode Island Office of Higher education; Office of Postsecondary Commissioner; Commissioner of Postsecondary Education; Council on Elementary and Secondary Education; Rhode Island Refunding Bond Authority. IL T8 00 02 12.*

12. Cynthia Roberge has never been a Named Insured under the Policy.

13. By the Policy's terms, an "auto" owned by Cynthia Roberge would not be a covered "auto" under the UM/UIM part of the Policy.

14. The default UM/UIM coverage is an amount equal to the Policy's bodily injury liability limits, but can be changed upon written request by the policyholder.

15. On or about November 9, 2016, the State of Rhode Island submitted a *Supplemental Commercial Automobile Application Rhode Island*, signed by its Risk Manager, Kevin Carvalho, in which the State affirmatively selected UM bodily injury coverage at the minimum limits of $25,000 each person/$50,000 each accident, or $50,000 each accident (single limit).

16. Travelers approved this application for modification.

17. The Policy was modified to include limits of $50,000 per accident for UM/UIM bodily injury claims involving a covered "auto".

18. At each renewal of the Policy following that modification, Travelers notified the State of Rhode Island of the option to purchase UM/UIM coverage in an amount equal to the bodily injury liability limits for the Policy.

19. Such notification is required before Travelers will approve renewal of the Policy.

20. The State of Rhode Island did not subsequently make any request to increase their UM/UIM coverage above the minimum limits of $25,000 each person/$50,000 each accident, or $50,000 each accident (single limit).

21. The minimum coverage limits selected by the State of Rhode Island in 2016 remained in effect at each subsequent renewal of the Policy.

22. On October 18, 2018, the Policy's coverage for an "insured's" UM/UIM claims involving a covered "auto" was limited to $50,000.

SWORN UNDER THE PAINS AND PENALTIES OF PERJURY THIS 13ᵗʰ DAY OF
_____June_____, 2023.

_____

101228271